## CITY OF WILLIAMSPORT v. JOHN B. BECK.

ERROR TO THE COURT OF COMMON PLEAS OF LYCOMING COUNTY.

Argued March 20, 1889—Decided October 7, 1889.

1. While the cost of the original paving of a city street may be assessed against properties abutting thereon, as a species of taxation for the special benefit accruing, the re-paving of such roadway being a purely public duty for the general benefit, the cost thereof cannot be imposed

upon abutting properties, even though the cost of the original paving had been paid out of the city treasury.

2. If an assessment for paving a city street in front of an abutting property be invalid or defective, either from the omission to comply with the requirements of the act of May 1, 1876, P. L. 94, or from the want of authority in the city officials to levy it, such invalidity or defect is not cured by the provisions of §§ 2, 3, act of May 24, 1887, P. L. 261.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 325 January Term 1888, Sup. Ct.; court below, No. 341 March Term 1886, C. P.

On February 13, 1886, a scire facias was issued sur a municipal claim filed in favor of the city of Williamsport against certain premises owned by John B. Beck. The defendant pleaded, non-assumpsit, payment with leave, etc.

At the trial on January 24, 1888, it was made to appear that the plaintiff was incorporated as a city by the act of January 15, 1866, P. L. 1231; that in the year 1868 a portion of West Fourth street, abutting the property now of the defendant, was graded and a wooden pavement put down thereon, the entire expense of the work being paid out of the city treasury; that on January 3, 1876, an ordinance was passed by the councils adopting the provisions of the act of May 23, 1874, P. L. 230, dividing the cities of the state into three classes, under which ordinance the plaintiff became a city of the third class; that on June 9, 1884, an ordinance was passed providing, inter alia, that if a majority of persons holding real estate bounding and abutting on any street or part thereof, which was then or might thereafter be laid out and opened in said city, should petition councils to pave, grade or macadamize any such street or part thereof, and should file the same in compliance with clause 32, § 20, act of May 23, 1874, councils should proceed to enact the ordinance and pave, grade or macadamize the street as prayed for by the petition filed; and that as soon as the contract price for which the street was to be paved should be ascertained, notice of the amount charged to each abutting property should be given to the owner, requiring the owner to pay to the city treasurer the sum so assessed, in return for which

---

* See Erie City v. Brady, 127 Pa. 169.

the city treasurer should issue to the payer a tax receipt or exoneration certificate for one half the amount thus paid, which would be received by the city in payment of taxes at the rate of one third of the amount, annually thereafter; that the petition of a majority of abutting owners, not including the defendant in this case, was presented to councils under said ordinance praying the councils to cause to be paved with chestnut, locust or cedar block, at a cost not to exceed $1.50 per square yard, that part of West Fourth street, "above designated," which was the portion which had been graded and paved in 1868; that thereupon on June 26, 1884, an ordinance was duly passed by the councils, directing the paving of the portion of West Fourth street as prayed for, and requiring the net cost thereof to be assessed upon the abutting owners by an equal assessment per foot front, excluding cross streets and alleys; and that under this ordinance the contract was let, the work performed in July 1885, and the sum of $425.15 afterwards assessed upon the defendant's property abutting on said street, for which the claim in suit was filed.

The court, BROWN, P. J., 37th district, holding special term, instructed the jury in accordance with the answers to points presented which were as follows:

Counsel for the plaintiff request the court to charge the jury as follows:

1. That the paving of streets at the cost of abutting property owners, is such an assessment or tax for local benefits as may be authorized by the legislature, and the legislature, having the antecedent power, has also the power by retroactive legislation, to cure any defects and make valid such assessments.

Answer: This is affirmed, but in the view we take of the case on trial, it has no application to the case.[1]

2. That the act of May 1, 1876, has no application to a paving under the act of 1874, where the paving is by the foot front rule.

Answer: This is answered in the negative.[2]

3. If the jury believe from the evidence that the city of Williamsport, in its corporate capacity, laid and paid for the original pavement in 1868, and the same having been worn out, replaced it by a new wooden pavement in 1885, such paving was not a re-paving within the meaning of the act of 1874.

Answer: This is answered in the negative.[3]

4. That even if the assessment for paving the street in front of the property of defendant was invalid or defective, either by the omission to comply with the requirements of the act of May 1, 1876, or from want of authority in the city officials to levy it, such invalidity or defect is cured by the act of May 24, 1887, P. L. 261, being article XXIII., §§ 2 and 3.

Answer: This is answered in the negative.[4]

5. That under all the evidence in this case the verdict should be for the plaintiff.

Answer: This is answered in the negative.[5]

Counsel for defendant request the court to charge the jury as follows [inter alia]:

2. That the plaintiff cannot recover unless prior to the ordinance approved June 26, 1884, under which this lien is filed, the said plaintiff caused the board of viewers or other officers, to view the property included in the said map, and make a schedule showing the total cash value of the property, as nearly as the same could be ascertained, and the amount each property holder would be liable to pay for such improvement.

Answer: This is affirmed.[6]

3. That the plaintiff cannot recover unless prior to the passage of the ordinance approved June 26, 1884, under which this lien is filed, the plaintiff caused a map and estimate and schedule required to be made as mentioned in the preceding points, to be attached to the said ordinance before its passage.

Answer: This is affirmed.[7]

4. That the plaintiff having failed to comply with all the requirements of the act of assembly, approved May 1, 1876, as set forth in the preceding points, cannot recover, and the verdict must be for the defendant.

Answer: This is affirmed.[8]

5. That the undisputed evidence in this case shows that West Fourth street has been a public highway for more than fifty years, and was paved by the city of Williamsport in 1868, and that said pavement had become so worn out and rotten that it was absolutely necessary that it should be re-paved; that such re-paving is not an original paving within the meaning of the clause 32 of § 20, act of May 23, 1874, and hence the cost thereof cannot be assessed to the property holders abutting

upon the said street, and the verdict of the jury must be for the defendant.

Answer: This is affirmed.[9]

8. That under all the evidence in this case the verdict must be for the defendant.

Answer: This is affirmed.[10]

The jury returned a verdict for the defendant as directed. Judgment having been entered, the plaintiff took this writ, specifying as error:

1–5. The answers to the plaintiff's points.[1 to 5]

6–10. The answers to the defendant's points.[6 to 10]

*Mr. Henry W. Watson* (with him *Mr. H. C. McCormick* and *Mr. S. T. McCormick*), for the plaintiff in error.

*Mr. Henry C. Parsons*, (with him *Mr. J. J. Metzger* and *Mr. J. C. Hill*), for the defendant in error.

OPINION, MR. JUSTICE STERRETT:

The main question in this case is, whether the cost of re-paving a public street or thoroughfare can be legally charged against the property fronting thereon.

This is neither a new nor an open question. It has long since been definitely settled that, as a general rule, it cannot be done. In several cases, among which is McMasters v. Commonwealth, 3 W. 292, the constitutional authority of the legislature to confer upon municipal corporations the power of assessing the cost of local improvements upon the properties specially benefited thereby, was recognized as a species of taxation; but, in Hammett v. Philadelphia, 65 Pa. 146, 156, the question arose whether under the authority of those cases, the cost of re-paving a public street could be charged against the abutting property. After considering the principle underlying the exceptional species of taxation referred to, and cases in which it is applicable, including the original paving of streets, Mr. Justice SHARSWOOD, speaking for this court, said: " But when a street is once opened and paved, and thus assimilated with the rest of the city and made part of it, all the particular benefits to the locality, derived from the improvements, have

been received and enjoyed. Re-paving streets is as much part of the ordinary duties of the municipality, for the general good, as cleaning, watching, and lighting. It would lead to monstrous injustice and inequality should such general expenses be provided for by local assessments."

The limitation, thus declared to exist, upon the power of taxation for special benefits of a local character, rests upon a clearly defined and impregnable basis; but notwithstanding this, municipal authorities, charged with the duty of maintaining their streets and highways in proper condition, had become so wedded to the pernicious system of maintaining such improvements at the expense of abutting property owners, that they were loth to abandon it, and various schemes were devised to obviate the difficulty that resulted from the decision in Hammett v. Philadelphia, supra, but without much success.

Speaking of the act of 1871, under consideration in Protestant Orphan Asylum's App., 111 Pa. 135, 142, Mr. Justice GORDON said it "was evidently devised for the purpose of avoiding the constitutional prohibition against unequal taxation, and, as far as possible, to render ineffectual the blow struck at this kind of taxation in the case of Hammett v. Philadelphia."

By that act a board of viewers was authorized to arbitrarily carve out, from the general municipality, a district that should in whole or in part, as it might determine, bear the burden of re-paving or re-grading a public street. In declaring the act unconstitutional, it was further said: " We can readily understand why the cost of constructing and maintaining a sewer, which is designed for the drainage of a particular street or locality, and which is essentially necessary for the health, comfort, and convenience of the inhabitants of such street or locality, should be assessed upon the property of the district or locality thus benefited, for the improvement as well as the use is local, and the benefit to the public is but secondary. So with a sidewalk, without which a house in a town or city cannot be said to be finished, and, though the public has a right of way over it, the greater benefit results to the property itself. But, when we come to a street or other highway, which is primarily designed, not for the use or welfare of the inhabitants of any particular locality, but for the public at large, the case

is very different. It then becomes utterly unjust to charge the cost of what is purely a public improvement, designed exclusively for the general welfare, upon the property of a few individuals, who, however they may be incidentally benefited, have neither been consulted, nor their profit or convenience regarded. Under such circumstances we cannot agree to proceed a single step beyond what is warranted by the case of Hammett v. Philadelphia. There is some show of reason why the original cost of grading and paving a street in a populous municipality should be charged upon the adjacent property, for it receives from the improvement some benefit of a local character; but when this is done, it has fully paid for all its local advantages and it cannot thereafter be charged for maintenance and repairs."

The second, third, fourth, fifth, and eighth points submitted by defendant were rightly affirmed by the court, and were conclusive against the right of the plaintiff to recover. Neither of the assignments of error is sustained.

Judgment affirmed.