# City of Erie *v.* Russell, Appellant.

*Municipal improvements—Local assessments—Sewers—Rule of Hammett v. Phila.,* 65 *Pa.* 146.

Local taxation for local purposes can only be maintained upon the ground that the particular property taxed receives particular benefits, and then only to the amount of the benefits conferred.

Hence when a sewer has once been constructed by the city and paid for by assessments on the property fronting on the street under which it is laid, it must be maintained and reconstructed, if necessary, by the city.

The reasoning which supports the rule established in relation to the repaving of streets applies with equal pertinence and force to the reconstruction of sewers. The principle laid down in Hammett v. Phila., 65 Pa. 146, applies as strongly in the one case as in the other.

*Constitutional law—Act of May* 23, 1889, *article XIII, section* 1.

The act of May 23, 1889, article XIII, section 1, P. L. 312, is unconstitutional so far as it attempts to authorize the cost of the reconstruction of sewers to be assessed against the property abutting on the street under which the sewer is laid. The rule of Hammett v. Phila., 65 Pa. 146, applies.

Argued April 27, 1891. Appeal, No. 459, Jan. T., 1891, by defendant, Elizabeth C. Russell, from judgment of C. P. Erie Co., May T., 1891, No. 131, for want of a sufficient affidavit of defence. Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Scire facias sur municipal lien for reconstruction of sewer.

A lien was filed against defendant as owner, or reputed owner, for the cost of reconstructing a sewer on Seventh street in the city of Erie. The defendant filed an affidavit of defence, the

substance of which appears by the opinion of the Supreme Court.

The court, GUNNISON, P. J., gave judgment for want of a sufficient affidavit.

*Errors assigned* were, (1, 2) making absolute the rule and entering judgment.

*F. F. Marshall*, for appellant, argued that the case was ruled by the principle of Hammett v. Phila., 65 Pa. 146 ; citing, also, 2 Dillon, Mun. Corp. 916 ; Baltimore v. Hanson, 61 Md. 462 ; In re Sawmill Run Bridge, 85 Pa. 163 ; Washington Ave., 69 Pa. 352 ; Wistar v. Phila., 80 Pa. 505 ; Phila. v. Wistar, 92 Pa. 404 ; Wistar v. Phila., 111 Pa. 604.

*Joseph P. O'Brien*, for appellee.—The distinction between an assessment for sewerage purposes and an assessment for paving purposes is recognized in Protestant Orphan Asylum's Ap., 111 Pa. 144.

OPINION BY MR. JUSTICE McCOLLUM, April 11, 1892 :

A judgment was entered in the court below for want of a sufficient affidavit of defence, and the only question on the record is whether the affidavit contains a valid answer to the claim. It appears that, on Nov. 11, 1867, it was ordained by the select and common councils of the city of Erie, that a sewer should be constructed under Seventh street in said city "from Peach to Sassafras streets," and that the cost of constructing the same should "be assessed upon and collected from the owners of real estate fronting on said street, between the points aforesaid." In pursuance of this ordinance, the sewer was constructed under a contract with and the supervision of the city, and, on its completion, the cost thereof was assessed upon the property abutting on the street, and was paid by the owners. In 1890, the city, under the act of May 23, 1889, "providing for the incorporation and government of cities of the third class," ordained that the sewer should be reconstructed at the cost of the property owners, to be assessed upon the property "by the frontage rule." This act allows the city to construct and reconstruct sewers of all kinds, without petition therefor from the property owners, and provides, inter alia, that "the cost of lateral sewers shall be assessed upon the lots or lands along or through which such lateral sewers run, according to

the valuation of such lots or lands as aforesaid, or in propor-
tion to benefits upon lots or lands benefited, or by an equal
assessment by the foot front upon the lands along or through
which such sewers run, as councils may determine." In com-
pliance with the provisions of the last mentioned ordinance, the
sewer was reconstructed by the city, and the cost of the work
was apportioned to the several properties abutting on the street.
The sum or share chargeable to the appellant's lot was two
hundred and eighty-five dollars and thirty-six cents ($285.36),
and a lien was filed for it, to enforce which this action was
brought. This lot was charged with and paid its proportion
of the cost of construction, and it is now claimed that the as-
sessment of it by the foot front for the cost of reconstruction
is invalid, because it is in violation of the principle laid down
in Hammett v. Philadelphia, 65 Pa. 146, and enforced in the
subsequent cases to which it is applicable. In answer to this
claim, it is said that the principle established in Hammett's
case is limited in its operation to the repaving of a street origi-
nally paved at the expense of the owners of the property abut-
ting thereon, and that sewers, in respect to the cost of their
maintenance, are not on the footing of paved streets. A city
must have proper sewerage and well paved streets; they are
essential to its prosperity, and matters of public concern, and
they are so recognized in the legislation which provides for
them. The construction of a sewer or the paving of a street
may be a local improvement, and as such properly chargeable
to the property benefited by it. In regard to the taxation ad-
missible to pay the cost of the original construction or paving,
the street and the sewer are in the same category. "But when
a street is once opened and paved, thus assimilated with the
rest of the city and made part of it, all the particular benefits
to the locality derived from the improvements have been re-
ceived and enjoyed," and the cost of repaving the street cannot
be provided for by local assessments, but must be defrayed
by general taxation : Hammett v. Philadelphia, supra. Why
should a sewer, demanded and constructed by the city, and
paid for by assessments, on the property fronting on the street
under which it is laid, be maintained and reconstructed on the
order of the municipality at the expense of such property ? It
was made, by the action of the city, a part of its system of sew-

erage, which is as necessary for the health of its people as its paved streets are for their use. Its construction was at the expense of the abutting property, and properly so, in discharge of the obligation arising from the particular benefits conferred. It is now a constituent of the general system ordained by the city for the convenience and health of its inhabitants. This system confers benefits which are general; it is a public necessity, and the expense of maintaining it should be provided for by general taxation. The reasoning which supports the rule established in relation to the repaving of streets applies with equal pertinency and force to the reconstruction of sewers. It follows that the affidavit which was adjudged insufficient, set forth a good defence to the claim, and the specifications of error are sustained.

Judgment reversed, and procedendo awarded.