## West Third Street Sewer. Appeal of The City of Williamsport.

187    565
e 27 SC  164
27 SC  167

*Sewers—Reconstruction of sewer—Liability of property owners.*

Where a sewer has been constructed by a municipality at its own cost, an abutting property owner is relieved from taxation for the expense of its reconstruction: City of Erie v. Russell, 148 Pa. 384, followed.

Argued March 14, 1898.    Appeal, No. 179, Jan. T., 1897, by city of Williamsport, from order of C. P. Lycoming Co., June T., 1896, No. 39, sustaining exceptions to report of viewers.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Exceptions to report of viewers.    Before METZGER, P. J.

From the record it appeared that in 1869 the city of Williamsport constructed a brick main sewer about four feet in diameter in West Third street.    The cost of the sewer was paid for entirely out of the general revenues of the city.    In the flood of May, 1894, the sewer caved in at several points, and it was necessary entirely to reconstruct it.    On March 6, 1896, viewers were appointed, who proceeded to assess the cost of the sewer upon the owners of the abutting land.    Exceptions to the report of the viewers were sustained by the court in an opinion by METZGER, P. J.

*Error assigned* was in sustaining exceptions to report of viewers.

*William D. Crocker*, city solicitor, for appellant.—The exceptants and the court below rely for their position upon the cases of Hammett v. Philadelphia, 65 Pa. 146, and City of Erie v. Russell, 148 Pa. 384.    The force of the rulings in these cases is not questioned, but we desire to call the attention of the court to what would seem a clear distinction between them and the present case.    It is to be observed: (1) that in the matter of an original paving the liability of the abutting property owners rests, not upon the fact but upon the presumption,

of an actual direct benefit to their properties, and that the courts will not presume such a direct benefit to accrue a second time from repaving. In such case the direct user and benefit accrue to the traveling public; the benefit to the property owner is indirect in the way of a possibly increased value to his property. But in the case of a house sewer the benefit to the properties is primary, resting upon actual user; the benefit to the public is secondary; (2) that in the City of Erie v. Russell, the property owners paid for the cost of the original sewer; and further, it does not appear from the report of the case that such sewer was a main sewer constructed for the purpose of carrying off storm sewage as well as house sewage, in other words, for public service as well as private benefit.

*W. C. Gilmore*, for appellees.—The assessments in this case, being for the cost of reconstructing a sewer, cannot be enforced against property owners abutting on the street under which the sewer is laid: Erie v. Russell, 148 Pa. 384.

No matter how or by whom the original cost of sewer construction is paid, the municipality must bear the cost of reconstructing such sewers: Hammett v. Philadelphia, 65 Pa. 146; Williamsport v. Beck, 128 Pa. 147; Harrisburg v. Segelbaum, 151 Pa. 172; Beyer v. Reading, 151 Pa. 185; Park Avenue Sewers, 169 Pa. 433.

OPINION BY MR. JUSTICE McCOLLUM, October 17, 1898:

The only perceptible difference between City of Erie v. Russell, 148 Pa. 384, and the case at bar is that in the former the sewer was located and constructed by the municipality at the expense of the abutting property owners, while in the latter the sewer was located and constructed by the municipality at its own expense. In City of Erie v. Russell, the municipality having reconstructed the sewer, sought to charge the cost of reconstruction upon the properties abutting thereon. It was held that this was not admissible, and the reasons given for so holding were stated in the opinion filed in the case. The rule or principle established by the decision in Hammett v. Philadelphia, 65 Pa. 146, in regard to the repaving of a street, was applied to the reconstruction of a sewer properly characterized as a part or constituent of the general system of sewer-

age established by the municipality for the promotion of the convenience and health of its inhabitants. The contention in the case at bar relates to the reconstruction of a sewer located and constructed by and at the expense of the municipality in 1869. It was a brick sewer about four feet in diameter, and laid "in West Third street westwardly from Hepburn street to and beyond Walnut street, a distance of about a half a mile." It was intended and used to carry off surface water and house sewage. It was a main sewer, and the size of it was not reduced or materially enlarged by the reconstruction. According to the testimony of the city engineer there were at least twenty-nine properties on West Third street connected with the old sewer. The particular benefits derived by the abutting properties from the construction of this sewer in 1869 were received by them on its completion. As pertinent to this point we quote the following from the clear and concise opinion of the learned judge of the court below: "A sewer once constructed gives to the abutting property owner every benefit and advantage that a sewer gives him over the general public. The benefits thereafter derived, either from repairing or reconstructing the same, are only such as he enjoys in common with the public. To allow an assessment on the abutting properties in such case would be to levy a tax on the owners, not for a local improvement, but for benefits derived by the public, in which he does not participate or derive any benefit or advantage beyond that he would have in common with all other citizens."

We have failed to discover any fact or circumstance in this case which, aside from the difference referred to in the first sentence of our opinion, distinguishes it from City of Erie v. Russell. But, as it is well settled by the decisions of this Court that the paving of a street by the municipality at its own expense as effectually relieves the abutting property owner from taxation for repaving as his payments of assessments for paving does, the difference is unimportant: Williamsport v. Beck, 128 Pa. 147, Greensburg v. Laird, 138 Pa. 533, Harrisburg v. Segelbaum, 151 Pa. 173, Boyer v. Reading, 151 Pa. 185, and Philadelphia v. Eddleman, 169 Pa. 452. We see no substantial ground for holding that, while the paving of a street by the municipality at its own expense relieves an abut-

ting property owner from taxation for repaving the street, the construction of a sewer by the municipality at its own cost leaves him subject to taxation for reconstruction of the sewer.

Judgment affirmed.