SNEED, *Register of Deeds*, v. STATE *ex rel.* YOEMAN & STUART.

No. 1554.   Opinion Filed September 21, 1910.

(111 Pac. 203.)

**APPEAL AND ERROR—Review—Abstract Questions—Dismissal.** The Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by the State, on the relation of Yoeman & Stuart, against R. A. Sneed, Register of Deeds. Judgment for relators, and defendant brings error. Dismissed.

*Louis Davis,* for plaintiff in error.

*Ray & Cunningham,* for defendants in error.

TURNER, J. On February 16, 1910, defendants in error, as plaintiffs, filed their petition in the district court of Comanche county, wherein they substantially state that they are engaged in the business of compiling, making, and furnishing abstracts of title to real estate in and for said county, with their place of business at Lawton, having furnished bond in the sum of $5,000, and otherwise complied with the law regulating the business of abstracting; that, in order to be able to discharge their duties as such under the law to their clients, it is necessary for them to have free access to the county records of said county in the office of register of deeds at any and all times during the regular office hours of said office, and to have two of their employees to take copies of all records therein, and to proof-read the same in order to bring their abstract books up to date, which said work will take 30 days, after which it will only be necessary to have one of such emloyees in said office at a

time; that R. A. Sneed, register of deeds of Comanche county, plaintiff in error, defendant below, claiming to have a contract with Tillman county to make and furnish copies of records pertaining to said county there in said office, and that it was necessary for him to employ a large force to transcribe said records under said contract in the time fixed therein, had wrongfully and unlawfully made an order excluding plaintiffs and their employees from free access to the public records therein for the purpose aforesaid, except only one person from 1 o'clock p. m. in any one day, in violation of his duties as such public officer and plaintiffs' rights; that plaintiffs have no adequate remedy at law, and pray for the court's writ of mandamus commanding defendant to permit plaintiffs and their employees to have free access to the records of said office for the prosecution of their said business. Responding to the alternative writ, defendant admits substantially the allegations of the petition, except that he wrongfully excludes them from his office, which he denies, and says that to permit plaintiffs access to the records of his office as claimed would interfere with the public business and with defendant in the proper discharge of the duties of said office; that said office room is small and inconvenient, and owing to the rush of public business, and to the fact that defendant is under private contract with Tillman county to transcribe for it the records thereto belonging in his office within the time limit of said contract, it was his right and duty and he did prescribe a rule requiring and restricting all abstracters' offices in said town, including plaintiffs', to one person each day for the purpose stated, from 1 to 5 p. m., and asks that the writ be discharged. On March 5, 1910, upon the issues thus joined, the court, upon the testimony of witnesses on both sides adduced that day at chambers, ordered the writ to issue as prayed, to take effect in 30 days, which said order defendant brings here for review.

It is assigned that the court erred (1) in overruling defendant's motion for a new trial; (2) in not rendering judgment for defendant on the pleadings and the testimony adduced at the

hearing; (3) in granting the order as prayed. At the hearing defendant testified:

"Q. As a matter of fact, this order to exclude now was in order to make room for the carrying out of the contract with Tillman county? A. Absolutely. Q. But for that there would be no reason why these people could not come in there? A. No. I should not have excluded them if I had not had that contract."

As the testimony also discloses that defendant expected to complete his work for Tillman county by about May 1st, and as it was admitted on the hearing that both sides were up with their work, to determine any of the errors assigned would be to pass. upon purely abstract and hypothetical questions, of no practical utility, which we decline to do. *Chicago, R. I. & P. Ry. v. Territory,* 21 Okla. 329, 97 Pac. 265, and cases cited.

There being no jurisdictional question raised, this cause is dismissed.

DUNN, C. J., and HAYES and WILLIAMS, JJ., concur; KANE, J., absent.