# CREWS v. JOHNSON *et al.*

No. 4380.   Opinion Filed April 27, 1915.

(148 Pac. 77.)

1. **APPEAL AND ERROR**—Judgment — Evidence — Election of Studies. The two controverted questions of fact directly in issue in this case are: (1) Did the parent select, from the course of study, the subjects which he desired his children to take; and (2) was the selection reasonable? These questions were submitted to the court, and the court found against the plaintiff. An examination of the record shows that there is substantial evidence reasonably tending to support the judgment of the court, and the same should not be disturbed.

2. **APPEAL AND ERROR**—Assignments of Error—Sufficiency. An assignment of error that the court erred in not rendering judgment for plaintiff in error after the evidence of plaintiff and defendant was all in and said cause submitted to the court, without stating what errors had been committed, is too indefinite, and is not sufficient to secure a review of any alleged errors occurring on the trial.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Love County;*

*S. H. Russell, Judge.*

Action by W. S. Crews against Bob Johnson and others, composing the School Board of School District No. 2, Love County, and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Champion & Champion,* for plaintiff in error.

*H. A. Stanley,* for defendants in error.

RITTENHOUSE, C. This action of mandamus was instituted on the 24th day of February, 1912, by W. S. Crews against Bob Johnson, Russell Cross, and C. A. Saddler, composing the school board of school district No. 2, Love county, Okla., and Miss Effie Butler, teacher of school district No. 2, for the purpose of

reinstating Eula Crews and Ernie Crews, his children, in the
public schools. These children were enrolled pupils in said
school for that year, and were in attendance at the time they
were expelled by Miss Effie Butler, the then teacher of said
school; that said expulsion was for the reason that the children
refused to study and recite grammar. On the 4th day of March,
1912, an answer was filed by Miss Butler. The board failed to
answer. It was stipulated between the parties that all matters
of fact and law should be submitted to the court and a jury
waived. On the 7th day of March, 1912, a judgment was rend-
ered refusing to grant the prayer of the petition. Motion for new
trial was filed, overruled, and the case brought here for review.

The plaintiff assigns as error in this court:

"(1)   That said court erred in overruling the motion of
the plaintiff in error for a new trial.

"(2)   The court erred in not rendering judgment for the
plaintiff in error after the evidence of plaintiff and defendant
was all in, and said cause submitted to the court."

In support of the first assignment of error, it is argued that
the evidence shows that these children were pursuing a suffi-
cient number of branches of study in school to keep them oc-
cupied, and that the father of said children did not abuse
his parental discretion in requesting the teacher and school
board of said school district to permit said children to leave
off the study of grammar. The question on which the case of
*School Board Dist. No.* 18, *Garvin County, Okla., et al v.
J. B. Thompson et al.,* 24 Okla. 1, 103 Pac. 578, 24 L. R. A.
(N. S.) 221, 138 Am. St. Rep. 861, 19 Ann. Cas. 1188, turned,
was that the request of J. B. Thompson to have his children
study music was not unreasonable. The two questions directly in
issue in this case are: (1) Did the parent select from the
course of study the subjects which he desired his children to
take; and (2) was the selection reasonable? These were con-
troverted questions of fact submitted to the court, which were

found against the plaintiff. It is to be presumed that the court found every fact necessary to support the judgment, and evidently found that the request, if one was made, was unreasonable. The studies of orthography, reading, writing, English grammar, geography, and arithmetic are essential to complete the education of children in the common schools; and, where the parent selects a course of study which eliminates one or more of these subjects, the burden is upon such parent to show that his request is reasonable; and his failure to satisfactorily show to the court that his selection is a reasonable one precludes him from the relief sought. Independent of the question as to the burden of proof, there was, in the instant case, substantial evidence reasonably tending to support the judgment of the court, and the same should not be disturbed.

There is no merit in the second assignment of error that the court erred in not rendering judgment for the plaintiff in error after the evidence of plaintiff and defendant was all in and said cause submitted to the court, without stating what errors had been committed, as the assignment is too indefinite and is not sufficient to secure a review of any alleged errors occurring on the trial. *Gill v. Haynes* 28 Okla. 656, 115 Pac. 790.

In addition to the foregoing, we call counsel's attention to the fact that the brief of plaintiff in error does not comply with rule 25 of the Supreme Court (38 Okla. x, 137 Pac. xi) by separately setting forth and numbering the specifications of error.

The cause should therefore be affirmed.

By the Court: It is so ordered.