## STANDARD STONE CO. v. GREER *et al.*

No. 5543.   Opinion Filed November 30. 1915.

(153 Pac. 640.)

1.   **APPEAL AND ERROR—Dismissal—Settlement of Issues.**   An examination of the record in this case discloses the fact that the issues involved have ceased to exist; that the question presented is merely hypothetical; and that a reversal of the judgment would afford no actual relief. nor would it be followed by any practical results.

2.   **APPEAL AND ERROR—Assignment of Error—Refusal of Temporary Injunction.**   An assignment in the petition in error that "said court erred in refusing to grant a temporary injunction" is insufficient to present anything for review.

(Syllabus by Brewer, C.)

*Error from Superior Court, Tulsa County;*
*M. A. Breckenridge, Judge.*

Action by the Standard Stone Company, a corporation, against Clarence Greer and others.   Judgment for defendants, and plaintiff brings error.   Dismissed.

*Ralsa F. Morley* and *Randolph, Haver & Shirk,* for plaintiff in error.

*Rice & Lyons,* for defendants in error.

Opinion by BREWER, C. Plaintiff in error, Standard Stone Company, a corporation, brought this suit, in the superior court of Tulsa county, for the purpose of obtaining an injunction against defendants in error. Plaintiff in error alleged, substantially, that it was the lessee of a certain tract of land, upon which was situated certain buildings, improvements, and machinery, and among other things, certain machines used for the crushing of rock; that the contract under which it held was in writing, and was entered into on the 1st day of October, 1911; that under its terms plaintiff was entitled to possession of the land and the machinery for a term and period of three years, to wit, until October 21, 1914; that defendants had entered upon the lands and were about to remove one of the rock crushers therefrom without right; and that therefore they ought to be enjoined from so doing. A temporary restraining order was issued, and the case set for hearing a few days thereafter as to whether or not a temporary injunction should be ordered. Before the hearing, defendants filed an answer, denying generally and specifically the averments of the petition, and also pleading title as to the rock crusher being removed, in one of defendants; that they had a right to remove the same, as was being done. At the hearing considerable evidence was taken, and the court refused to grant a temporary injunction. From this order this appeal is prosecuted.

Defendants in error have filed a motion to dismiss the appeal; one of the grounds being that an inspection of the record in this case discloses the fact that the issues involved have ceased to exist; that the questions presented are merely hypothetical and moot; and that a reversal of the judgment would afford no actual relief and be followed

by no practical results. We have examined the record, and believe the motion to dismiss is well taken. Plaintiff's rights in the premises were merely those of a lessee or tenant, and, according to its own averments and the contract under which it claims, its rights in the property no longer exist; its tenancy having expired October 21, 1914. It is evident that plaintiff would not now be entitled to an injunction to prevent owners or others from going on property in which it was no longer interested. *Bryan v. Sullivan,* 29 Okla. 686, 119 Pac. 124; *McCullough v. Gilcrease,* 40 Okla. 741, 141 Pac. 5; *Canadian Trading Co. v. Ralls et al.,* 42 Okla. 759, 142 Pac. 1033; *Ham v. McNeil,* 27 Okla. 773, 117 Pac. 207; *Edwards v. Welch,* 29 Okla. 335, 116 Pac. 791; *Sneed v. State ex rel. Yoeman,* 27 Okla. 259, 111 Pac. 203; *Freeman v. Bd. Med. Examiners,* 20 Okla. 610, 95 Pac. 229. Plaintiff does not deny that this would be ordinarily a proper application of the law; but he says that this case presents an exceptional circumstance, which not only makes it proper, but requires, that it be decided on its merits. This argument is founded on the claim that when it obtained the original restraining order, which lasted only until the matter could come up for hearing, plaintiff gave a bond, and that this fact causes a dismissal here to aid in fastening liability under the bond. However, upon examination of the record, this claim is not supported. The restraining order required the giving of a bond; but, if one was ever given, it is not in the record, and is in no wise further mentioned or referred to.

There is still another reason why the record before us presents nothing for review: The only assignment of error made in the petition in error is: "Said court erred in refusing to grant a temporary injunction to the plaintiff in error." This assignment is insufficient. The assign-

ments made in the following cases were substantially the same as in the instant case, and were held to be insufficient. *Bd. Co. Com'rs of Woods County v. Oxley,* 8 Okla. 502, 58 Pac. 651; *Gill et al. v. Haynes,* 28 Okla. 656, 115 Pac. 790; *Wilson v. Mann,* 37 Okla. 475, 132 Pac. 487. Other cases, closely in point, are noted as follows: *De Vitt et al v. City of El Reno et al.,* 28 Okla. 315, 114 Pac. 253; *Johnson v. Johnson,* 43 Okla. 582, 143 Pac. 670; *Crews v. Johnson et al.,* 46 Okla. 164, 148 Pac. 77.

The appeal should be dismissed.

By the Court: It is so ordered.