## BOARD OF COM'RS OF LINCOLN COUNTY et al. v. ROARK et al.

No. 19640. Opinion Filed Oct. 28, 1930.

Roscoe Cox, Co. Atty., for plaintiffs in error.

Erwin & Erwin, for defendants in error.

HEFNER, J. On October 5, 1921, W. F. Roark et al., the defendants in error herein, as plaintiffs, brought this suit in the district court of Lincoln county against the board of county commissioners and prayed for a writ of mandamus against them.

On October 7, 1921, the court issued a peremptory writ of mandamus commanding the board of county commissioners to meet and take necessary steps for the construction of a bridge across Deep Fork drainage ditch in Lincoln county. This judgment became final.

Thereafter the board of county commissioners awarded a contract for the construction of the bridge to V. O. Matthews. The record discloses that the material for

the bridge had been purchased, but the bridge had never been constructed. If the material for the bridge had been purchased and the contract had been let for its construction, it was the ministerial duty of the commissioners to cause the bridge to be constructed. If they have the material on hand and the contract has been let and the bridge can be constructed under the contract, there is no discretion on the part of the commissioners and it is their plain duty to proceed with the work. On the 10th day of July, 1928, a hearing was had on the motion for an alias writ of mandamus, and the court entered judgment in favor of the defendants in error and commanded the county commissioners to proceed forthwith in accordance with the command of the judgment rendered on the 7th day of October, 1921. It is from this judgment that the plaintiffs in error have appealed.

In the petition in error there are but two assignments in error made. They are as follows:

(1) Said court erred in admitting evidence on the part of defendants in error.

(2) Said court erred in rendering a judgment in said cause for the defendants in error and against plaintiffs in error.

The defendants in error urged that these assignments are too general and too uncertain to present any particular error. In the case of Willet v. Johnson, 13 Okla. 563, 76 Pac. 174, this court said:

"Where assignments of error are so general as not to point out the real error complained of, this court will not consider them, nor will it examine the record with regard thereto."

The first assignment in the case at bar complains because the court erred in admitting evidence on the part of defendants in error. The prejudicial evidence is nowhere called to our attention. In the Willet Case, supra, in speaking of an assignment similar to the first one made in the case at bar, it was said:

"Specifications one, six, seven, and eight are too general in their character, and do not point out to the court the real error complained of. For instance, specification number one says that the court erred in admitting incompetent and prejudicial testimony, but what particular testimony was admitted is not specified."

Before this court will consider an assignment of error of this kind it is necessary that the complaining party call our attention to the prejudicial evidence.

In the case of Crews v. Johnson, 46 Okla. 164, 148 Pac. 77, the court had under consideration an assignment very similar to the 2nd assignment in the case at bar. There it was said:

"An assignment of error that the court erred in not rendering judgment for plaintiff in error after evidence of plaintiff and defendant was all in and said cause submitted to the court * * * is too indefinite, and is not sufficient to secure a review of any alleged errors occurring on the trial."

Under the rule announced in the Crews Case, the second assignment of error in the case at bar is too indefinite and is not sufficient to secure a review of any alleged errors based thereon.

Since the plaintiffs in error urge that the court was without jurisdiction to issue the peremptory writ of mandamus of October 7, 1921, and that said peremptory writ of mandamus is therefore void and of no effect, and all subsequent proceedings and orders based thereon would necessarily be void, we deem it advisable to notice that question. Was the court without jurisdiction to order the original writ of mandamus? Section 446, C. O. S. 1921, provides who may issue the writ to compel the performance of any act which the law specifically enjoins as a duty. It is as follows:

"The writ of mandamus may be issued by the Supreme Court, or the district court, or any justice or judge thereof, during term or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station."

In the case of Wilkins, Drainage Commissioners, v. Hillman et al., County Commissioners, and Ex Officio Commissioners, 45 Okla. 451, 145 Pac. 1111, this court had under consideration the petition of J. W. Cherry and others against the county commissioners and ex officio commissioners of Deep Fork drainage district No. 1, Lincoln county, and in that case it was said:

"It is shown from the record and is conclusive, so far as this proceeding is concerned, that the county received benefits to the public roads of $134,550 by reason of this contemplated improvement. To this extent, the property owners within the district would receive no direct benefit to their property. In other words, every other resident of the county will receive the same benefit by the drainage of the public roads as will the property owners living within the district; and it would be neither right nor legal that the few residing within the district should be compelled to pay the expense for benefits received by the public generally.

The bridges required are for the benefit of the general public, and special assessment cannot legally be made to pay the expense of constructing same. The expense of building said bridges is a subject of general taxation. Sears v. Street Commissioners, supra; Hammett v. Philadelphia, 65 Pa. 146, 3 Am. Rep. 615; Washington Ave., In re, 69 Pa. 352, 8 Am. Rep. 255; Appeal of City of Williamsport, 187 Pa. 565, 41 Atl. 476; Dietz v. City of Neenah, 91 Wis. 422, 64 N. W. 299, 65 N. W. 500; Dyar v. Farmington Village Corp., 70 Me. 527; Hamscom v. City of Omaha, 11 Neb. 37, 7 N. W. 739; Erie v. Russell, 148 Pa. 384, 23 Atl. 1102. To hold otherwise would be in direct violation of section 24, art. 2, of the Constitution, in that it would be taking private property for a public use, to the extent, at least, of the amount of the assessments of benefits to the public highways, amounting approximately to one-sixth of the total value of the improvements. * * *

"It follows that the judgment of the trial court must be reversed, with direction to vacate and set aside same, and to enter a judgment requiring the county commissioners to convene immediately and proceed to take such steps as may be necessary in the manner provided by law, toward letting contracts for the erection of such bridges across Deep Fork drainage ditch No. 1, of Lincoln county, as may be necessary to accommodate fully and adequately the public, and the court is further directed to proceed in said matter in accordance with the view herein expressed."

Under the rule announced in this case, we think the district court had jurisdiction to issue the writ. The judgment of the trial court is affirmed.

MASON, C. J., and CLARK, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent. ANDREWS, J., disqualified, not participating.

Note.—See under (1) 2 R. C. L. p. 161; R. C. L. Continuing Perm. Supp. p. 38. (3) 18 R. C. L. pp. 295,296.