CHICAGO, R. I. & P. RY. CO. *et al.* v. STATE.

Nos. 6188, 6188½.   Opinion Filed September 15, 1914.

(143 Pac. 37.)

**APPEAL AND ERROR** — Abstract Cases — Dismissal.   The Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

*Appeal from Corporation Commission.*

Proceedings by the State against the Chicago, Rock Island & Pacific Railway Company and the Wichita Falls & Northwestern Railway Company. From a final order of the Corporation Commission, the railway companies appeal. Appeal dismissed.

*C. O. Blake* and *C. C. Huff,* for appellants.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

KANE, C. J.   This is an appeal from final order No. 731 of the Corporation Commission, which requires the appellant companies to operate certain of their trains in and out of Elk City under the regular schedule of said railways in effect at the date of said order, until further orders of the Commission. There are various specifications of error assigned, but as we

view the matter, under the state of the record, the questions raised have become purely hypothetical, and a decision of them will not result in any practical relief.

This proceeding is based upon proposed order No. 133 of the Commission, which was to the effect that appellants should notify each other, and so operate certain of their respective trains in and out of Elk City, Okla., as to afford the traveling public connections between the said trains, providing that neither of said trains was more than a few minutes late. This action was deemed necessary, for the reason that, at the time the proposed order was made, the time between the arrival of the trains of one road and the departure of the train of the other at Elk City was so short that, where the trains were both exactly on time, connections could with difficulty be made, but where either train was a minute or two late, connections often failed, laying out for several hours all passengers desiring to change from one road to the other at that point. Before the final order was entered by the Commission, the appellant companies voluntarily changed their schedule as to the trains affected by the proposed order, so that connections at Elk City were made satisfactory to the Commission. Upon the schedules being thus changed, the Commission entered their final order, which requires that the trains affected shall be operated under the new schedule, which the appellant companies had voluntarily adopted, "until the further orders of the Commission."

It will thus appear that the Commission and the appellant companies are in accord as to the efficacy of the new schedule to remedy the former grounds of complaint touching connections at Elk City and the reasonableness of the order issued, with the exception of that part of it which requires the present schedule to be maintained "until further orders of the Commission"— an extremely technical and frivolous ground for appeal, it seems to us. It is well settled that the Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting

370     SUPREME COURT OF OKLAHOMA.

of actual relief, or from the determination of which no practical relief can follow. *C., R. I. & P. Ry. Co. v. Territory,* 21 Okla. 329, 97 Pac. 265; *Parker v. Territory,* 20 Okla. 851, 94 Pac. 175; *Davis v. Humbarger,* 27 Okla. 781, 117 Pac. 198; *Sneed v. State,* 27 Okla. 259, 111 Pac. 203.

For the reason stated, the appeal is dismissed.

All the Justices concur.