**SOWERS, County Treasurer, v. FIRST NAT. BANK of PERRY et al.**

No. 10795—Opinion Filed Feb. 6, 1923.

Rehearing Denied April 10, 1923.

(Syllabus.)

1. **Taxation — Proper Subject — Banks— Bank Officers as Agent for Stockholders.**

Under the provisions of section 7318, Rev. Laws 1910, as amended by section 4, subdivision A. article 1, chapter 109, Session Laws 1915, assessment is made on the value of the shares of the capital stock of banking corporations in the names of the shareholders, and the managing officer of the bank, in making the return of the properties of such corporation to the county assessor, under section 7331, Rev. Laws Oklahoma 1910, as amended by section 5, subdivision A. art. 1, ch. 107, Session Laws of 1915, acts as agent for and on behalf of the stockholders of the bank.

2. **Taxation—County Board of Equalization —Appeal.**

Under section 7367, Rev. Laws 1910, the county board of equalization, composed of the county commissioners, convenes the first Monday in June of each year, and under said section, and section 2, subdivision B, article 1, chapter 107, Session Laws 1915, any person aggrieved by an assessment returned by the assessor to said board may file with said board, as provided in said last named section, a written complaint specifying his grievances, and on failure of the said board to correct or adjust such assessment as returned to it by the assessor, appeal lies therefrom to the district court.

3. **Same—Illegality—Relief.**

Section 7, subdivision B. art 1, ch. 107 Session Laws 1915, can only be invoked where the illegality of the tax in question arises from some action whereby the property in placed on the tax rolls, from which the law provides no appeal.

Error from District Court, Noble County; J. W. Bird, Judge.

Action by First National Bank of Perry, Oklahoma, et al., against J. L. Sowers, County Treasurer of Noble County, to recover excess taxes for year 1918. Judgment for plaintiffs, and defendant brings error. Reversed, with instructions to dismiss plaintiff's petition.

S. P. Freeling, Atty. Gen., and William H. Zwick, Asst. Atty. Gen., for plaintiff in error.

Johnson & Robinson, for defendants in error.

BRANSON, J. The First National Bank of Perry, Okla., together with its stockholders of record, brought this action in the district court of Noble county, Okla., against J. L. Sowers, as county treasurer of said county, to recover the sum of $612.96, the amount of the first half of the taxes upon the assessment made against it for the year 1918. The defendants in error will be referred to herein as the plaintiff, and the plaintiff in error will be referred to as the treasurer.

Before the first half of the taxes levied against the shares of stock in said bank became delinquent, the bank paid to the treasurer the sum of $612.96, and at the time duly notified the treasurer that it would bring suit for the recovery thereof, and within 30 days this suit was instituted in the district court. The plaintiff in its petition, among other things, alleges:

"It did make and return to said assessor a verified assessment list for the tax year 1918, upon a form provided by said assessor, furnished by the State Examiner and Inspector of the state of Oklahoma. * * * that such assessment list scheduled all of the items and values required by law and showed property in the gross amount thereon stated, and also scheduled real estate owned by said bank, and situated in the state of Oklahoma, otherwise directly listed for assessment and taxation for said year 1918, at its assessed valuation for that year, together with certain federal, state and municipal bonds, then owned by said bank, all of which were by law exempt from taxation. That the said assessed value of said real estate, and the value of said exempt bonds were deducted on said list from the property shown thereon, making a net return of no property subject to assessment and taxation; * * * that said verified list was delivered to said county assessor, who received and accepted the same without objection thereto, but that said assessor at some later date, unknown to plaintiffs and without their knowledge, and without notice to them or either of them, did return to the county board of equalization an assessment against plaintiffs in the amount of $25,235.00, and thereby by his own act and without the notice required by law, did raise the assessed valuation of plaintiffs in the full amount of $25,235.00, and thereby did cause the levy of a tax thereon in the full amount of $1225.92.

"That this action on the part of said assessor was not discovered by plaintiffs nor by any of them until the latter part of December, 1918, and that at the time they made examination of the tax rolls, preparatory to paying taxes on aforesaid real estate, otherwise separately assessed, that at the time of this discovery the county board of equalization for the year 1918 had adjourned sine die and the board of county commissioners had closed their session for that month, leaving the plaintiffs no recourse

to any board, body or person from which an appeal is provided."

The above and foregoing is that part of plaintiff's petition which states its cause of action, if any it has. To the plaintiff's petition the treasurer, through the county attorney, filed a general demurrer which was by the court overruled. The defendant filled an answer, and on this state of the pleadings a jury was waived and the cause was tried to the court. The plaintiff showed by the evidence introduced in the cause that it owned, subject to taxation in the state of Oklahoma, real estate to the assessed value of $18,100; that it owned certain tax exempt securities, to wit: U. S. Liberty Bonds, $12,350; state of Oklahoma 4½% funding bonds, $5,000; city of Heavoner, Okla., bonds, $5,000; school district bonds, Noble and Osage counties, Okla., $5,800; and that the capital stock, surplus, and undivided profits of plaintiff bank amounts to $32,233.44. The facts were not controverted.

The court found, among other things, that the plaintiff bank filed its personal property assessment list as provided by law, setting out the said items of real estate and bonds, and finding "That the net result of the list so made and returned by said bank was that it had no personal property subject to taxation for the year 1918"—and further finding that the assessor made his return to the county board of equalization, showing an assessment against said bank which was prorated to the stockholders, as their number of shares of stock appeared, in the total valuation of $25,235, and that this valuation deducted $7,000, the assessed valuation of its banking building, and rejected real estate of the assessed valuation of $11,100, which should have been allowed, and that it rejected state of Oklahoma 4½% funding bonds, $5,000, and U. S. Liberty Bonds in the sum of $12,350, making a total of $28,450, which should have been deducted from its capital, surplus, and undivided profits. This would mean that the bank would not be subject to any tax, and that no levy should be made against the stock or its stockholders for that year.

In the case of Brown, County Treasurer, v. Hennessey State Bank, 78 Okla. 141, 189 Pac. 355, and in the case of Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115, this court adversely settled the question as to the bond deductions. The only question remaining, therefore, is whether or not the real estate not deducted by the assessor, in the sum of $11.1000, should

have been deducted, and if so, can plaintiff recover pro tanto in this action?

Under the provisions of sections 4 and 5, subdivision A, art. 1, ch. 107, Session Laws of Oklahoma for 1915, real estate located in the state of Oklahoma should be deducted from the capital, surplus, and undivided profits, in ascertaining the amount of monied capital for which a bank is liable to taxation in any city, town or school district of the state. The said bank, of course, was therefore subject to a deduction of $18,100 from its paid-up capital, surplus, and undivided profits, amounting to $32,233.44, which leaves $14,133.44, which is the total valuation on which the stock value should have been listed for assessment purposes.

The determination of this appeal depends upon the construction given to sections of the act of the Legislature known as House Bill 84, chapter 107, Session Laws of 1915. Section 4 of subdivision A, article 1 of said bill provides the method of assessing banks doing business in the state, to wit, upon the value of their shares of stock in the name of the stockholder, wherever located. Section 5 of subdivision A provides that in making the assessment, the managing officer shall file a statement with the county assessor, showing its capital stock, the amount paid up, the amount of its outstanding bonded indebtedness, the names of its shareholders, the number of shares held by each, and the description and value of land owned by such corporation, the amount of surplus, and undivided profits.

The statute provides that the board of equalization in the county shall convene on the first Monday in June of each and every year, and that any taxpayer feeling aggrieved by the assessment made by the assessor has a right to appear before said board and file his objection to the assessment, and if the board fails to grant the relief which the taxpayer prays, he may appeal to the district court from the action of the county equalization board.

Section 5, subdivision B, article 1 of said amendatory act provides:

"This act shall be construed to give remedies and rights in addition to those of appeal heretofore given by statute, but the remedies of resort to the boards and appeal therefrom shall be the sole remedies for the correction of assessment or equalization."

The plaintiff pleads its cause as if section 7 of subdivision B, article 1, chapter 107 of said Session Laws of Oklahoma, 1915, furnished a remedy under the facts in its case. Under the allegations of its petition, it ap-

pears that the assessment made by the county assessor under and by virtue of section 7331, Rev. Laws 1910, as amended by section 5, subdivision A, article 1, chapter 107, Session Laws 1915, was returned to the county board of equalization, and that said assessment so made was accompanied by the report or sworn return of the managing officer of said bank, as provided for in said section 5 of subdivision B, and that the board of equalization in no wise changed the assessment as returned to it by the county assessor. The plaintiff in its petition pleads that the assessor did not accept the return, but later made an assessment against the stock, totaling $25,235, on which was levied a tax of $1,225.92.

Plaintiff says in its petition that this action on the part of the assessor was not discovered by it until the last of December, 1918, and the board of equalization had adjourned, and that the plaintiff having no recourse to the boards, paid first half of the taxes levied to the treasurer, and brought this suit within 30 days, contending that section 7 of subdivision B of said chapter 107 furnished it a remedy. A method providing for assessing taxes which gives the taxpayer a right to appear before a board and object to any wrongful or improper assessment by the assessing officer and specifying the time when such board convenes, the duties and the powers of such board relative to correcting and adjusting assessments made by the county assessor, gives the taxpayer an opportunity to appear; the mere fact that he neglected to do so and his property was assessed at a valuation different from that at which it should have been assessed does not give him an action at law to recover money paid the county treasurer as tax as on such assessment, where there is no statute so providing.

In State R. Tax Cases (1875) 92 U. S. 610, 23 L. Ed. 672, the court said:

"This board has its time of sitting fixed by law. Its sessions are not secret. No objection exists to the appearance of anyone before it to assert a right or redress a wrong; and in the business of assessing taxes, this is all that can be reasonably asked." Pittsburg, C., O. & St. L. R. Co. v. Backus (1893) 154 U. S. 421, 38 L. Ed. 1031, 14 Sup. Ct. Rep. 1114, affirming (1893) 133 Ind. 625, 33 N. E. 432; State v. Minnesota & O. Power Co., 121 Minn. 431, 141 N. W. 839; McMillan v. Freeborn County, 93 Minn. 16, 100 N. W. 384; Voight v. Detroit, 123 Mich. 547, 184 U. S. 115, 46 L. Ed. 459; Soliah v. Heskin, 56 L. Ed. 294.

Had the plaintiff appeared before the county equalization board as provided by law, made its objection to the assessment as returned by the county assessor to said board, and that board had failed to give it a deduction to the extent of the assessed valuation of the real estate located in the state, the statute gave the plaintiff the right to appeal to the district court, and provides that the district court shall give right of way to all such appeals, and if aggrieved by the action of the district court, a further appeal to the Supreme Court of the state.

Section 7, sub. B, art. 1, of said chapter 107, Session Laws 1915, which the plaintiff undertakes to invoke in this action, is applicable to the assessment and levy of taxes, by reason of some action from which the laws provide no appeal.

It is clear that the facts pleaded in this case by the plaintiff are not those from which the law gives no appeal. Certainly the plaintiff would have had a complete and an adequate remedy under sections 1 and 2, art. 1, of subdivision B of said chapter 107. The mere fact that the plaintiff negligently failed to ascertain that the assessor had not adopted the return made by the bank, but had made an assessment other and different, returning his assessment, together with a sworn statement of the officer of the bank, to the county board of equalization, and the mere fact that the bank negligently failed to appear before that board and object to the assessment as returned, does not alter the fact that if the plaintiff had done this, it would have had a complete, full, and adequate remedy by appeal to the courts. The intention of this statute is to provide as speedy a method as possible for the assessment of taxable property, and the finality thereof, and at the same time give the taxpayer a full opportunity to be heard, both before the board and in the courts. When the taxpayer has had this opportunity, as to property subject to taxation, and has failed to avail himself of it, section 7, subdivision B, art. 1, chapter 107, Session Laws of 1915, furnishes no remedy.

The judgment of the lower court is therefore reversed, with instructions to dismiss plaintiff's petition.

JOHNSON, V. C. J., and KANE, KENNAMER, and NICHOLSON, JJ., concur.