## COALTON COAL CO. v. HERRON.

No. 11385—Opinion Filed Sept. 16, 1924.

### Appeal and Error—Dismissal—Moot Questions—Injunction.

In an action for injunction the trial court, after hearing, denied relief and dissolved a temporary restraining order, but permitted it to be continued in force pending appeal upon approval of supersedeas bond, which was done. The case involved the construction of a certain contract. Pending appeal the parties effected a settlement in a companion case and filed in this court a written stipulation of settlement which expressly recites the full discharge and abrogation of that certain contract; the plaintiffs in this case, by the terms of settlement, retaining possession of the property from which defendant was excluded by the temporary restraining order originally issued. In such case no question affecting the rights of the parties remains as a live issue for consideration by this court, and since this court will not determine abstract and hypothetical questions not involving existing rights, a motion by plaintiff to dismiss the appeal and to discharge the supersedeas bond will be sustained.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Coalton Coal Company, a corporation, against W. F. Herron for an injunction. Injunction denied and temporary restraining order dissolved, from which action of the court this proceeding in error is prosecuted. Dismissed.

This action was commenced in the district court of Okmulgee county by plaintiff in error filing its petition in said court against the defendant, W. F. Herron, wherein it prayed for an injunction to restrain the defendant from interfering with one Dan Hughes, general manager of plaintiff in error, in the discharge of his duties as such general manager of the mines and properties of plaintiff in error. A temporary restraining order was issued March 16, 1920, and cause set down for hearing March 23, 1920. Thereafter the hearing was continued until April 1, 1920, at which time defendant in error filed his answer to the petition and plaintiff in error filed its reply. Thereupon defendant filed a motion for judgment on the pleadings, and to deny the temporary injunction, and to dissolve the restraining order, which motion was by the court sustained. Supersedeas bond in the sum of $5.000 was filed and the restraining order continued in force pending appeal. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

I. H. Cox, for plaintiff in error.

E. F. Maley, for defendant in error.

Opinion by LOGSDON, C. An examination of the record and files in this case discloses that this is a companion case to No. 13005, McAlester Fuel Co., Plaintiff in Error, v. W. F. Herron and Coalton Coal Company, Defendants in Error. By stipulation filed in this cause March 20, 1923, it is shown that the same question is presented in both cases, viz; the construction of a certain contract dated September 2, 1918, between the McAlester Fuel Company and W. F. Herron, said stipulation containing this statement: "A determination of the appeal in said cause No. 13,005 will practically determine the issues on this appeal."

Cause No. 13005 was set for oral argument before the court May 15, 1923. May 23, 1923, a stipulation for settlement of cause No. 13005 was signed by all of the parties and duly filed in this court, whereupon said cause No. 13005 was ordered dismissed "as per stipulation." By this stipulation it is shown that the McAlester Fuel Company paid to W. F. Herron the sum of $17,500 in settlement of the controversy between the parties and the following provisions of said stipulation are copied for the purpose of showing the purpose and scope of such settlement:

"It is further stipulated and agreed that the judgment rendered in the district court of Okmulgee county, Okla., in cause No. 7007 entitled 'W. F. Herron, plaintiff v. McAlester Fuel Company and the Coalton Coal Company, defendants' for the considerations above named is hereby fully satisfied, paid and discharged and the attorneys for the plaintiff are hereby authorized and directed to enter such discharge and satisfaction upon the judgment record in the office of the court clerk of Okmulgee county, Okla.

"It is further agreed for the same consideration that all claims and demands existing between W. F. Herron and the McAlester Fuel Company, arising under or in connection with the contract of September 2. 1918, upon which said suit was based, are fully satisfied and discharged and all of the terms, conditions and provisions of said contract are hereby declared to have been carried out by the parties and said contract to be at an end.

"For the same considerations the defendant in error, W. F. Herron, the plaintiff in said cause and proceeding in the district court of Okmulgee county, Okla., hereby

ratifies, confirms and declares valid and effectual forever the sale of all of the stock of the Coalton Coal Company made by the McAlester Fuel Company to H. J. Butterly and J. D. Hughes and does hereby quit claim and surrender unto the said H. J. Butterly and D. J. Hughes, their heirs, successors, assigns and nominees all right. title or interest, claim or demand which he may have or have ever had in, to or concerning any and all of the stock in the Coalton Coal Company, and the said W. F. Herron does further remise and quit claim unto the Coalton Coal Company, its successors and assigns all right, title or interest which he may have, or ever have had or claimed, in, to or concerning the property and premises involved in this suit." (Then follows a description of the property, which is the identical property involved in the instant case.)

June 29, 1923, motion was duly filed in this court by the plaintiff to dismiss this action and to discharge the supersedeas bond for the reason that the questions in controversy in this action had become moot by reason of the stipulation and settlement in No. 13005. At the time of the filing of this motion no briefs had been filed in the instant case and the cause was not ready for submission. The motion to dismiss was denied pro forma July 10, 1923. Since that time the case has been briefed by order of this court and regularly submitted.

It appears from an examination of the briefs filed in this cause that the question presented for decision is the force and effect of the contract of September 2, 1918, between the McAlester Fuel Company and W. F. Herron, and that the question of whether or not said contract was a mortgage or option to purchase is no longer a live question between the parties by reason of the terms of the stipulation above set forth. It is well settled by a long line of decisions of this court that where, pending appeal, the questions involved have been settled or have become hypothetical and moot by reason of lapse of time so that a decision by this court will merely determine a question of law without effectuating any relief to either of the parties, this court will not pass upon such questions. Parrish v. School Dist. No. 19, 68 Okla. 42, 171 Pac. 461; Okla. Petroleum Co. v. Minnehoma Oil Co., 80 Okla 245, 195 Pac. 759; George et al. v. Robinson et al., 47 Okla. 623, 149 Pac. 1087; Jones v. East. 33 Okla. 604, 127 Pac. 261.

It is, therefore, concluded that the motion of plaintiff that this cause be dismissed, that the supersedeas bond be discharged, and the sureties thereon be exonerated from further liability should be in all things sustained.

By the Court: It is so ordered.