PAYNE, County Treas., v. JONES et al.
SAME v. SMITH et al.

Nos. 29934, 29935. Feb. 15, 1944.

*146 P. 2d 113.*

Appeal from District Court, Creek County; C. O. Beaver, Judge.

Mac Q. Williamson, Atty. Gen., Randell S. Cobb, First Asst. Atty. Gen., and Peyton Ford, Asst. Atty. Gen. (Jack Langford, of Tulsa, of counsel), for plaintiff in error.

Walker & Lewis, R. E. Stephenson, and L. O. Lytle, all of Sapulpa, and Lawrence Jones, of Bristow, for defendant in error Lawrence Jones.

George Jennings and T. L. Blakemore, both of Sapulpa, for defendants in error Eleanor Smith et al.

HURST, J. These are actions to enjoin the 1940 tax resale in Creek county. In No. 29934 the plaintiff Jones is a resident taxpayer who has paid his taxes. L. O. Lytle, intervener in that case, owned property about to be sold at the resale. The plaintiffs in case No. 29935 also owned property about to be sold at said resale, and they sue on behalf of themselves and all other persons similarly situated. The cases were filed May 10, and May 11, 1940, respectively. The resale was advertised to be held May 13, 1940. The cases were consolidated for the purpose of trial only.

The evidence disclosed that part of the property included in the resale notice was sold at the 1936 delinquent tax sale, and that notice of sale was first published but 18 days prior to that sale. There was introduced in evidence a letter, written by the county attorney of Creek county and published by the three daily papers in Creek county a few days before the resale was to be held, advising that the resale of the property that was sold in 1936 would be void because the notice was first published only 18 days prior to that sale. The county attorney testified that he had advised numerous persons of the invalidity of the 1936 sale, and that "they have shown an intention of not bidding upon the property." Lytle and Jones testified that it was their intention to bid at the resale until they ascertained that the 1936 sale was invalid because the notice was not published for a sufficient length of time, and in view of that fact they would not bid at the resale, and that for the same reason the property acquired by the county at the resale probably could not be sold at a commissioners' sale. They testified that one reason they would not bid on the property was that the titles would be void and they could not get a refund of their money. Lytle testified that it would cost the county thousands of dollars to endeavor to get possession of the property that it might acquire at the resale.

The court entered judgment enjoining the resale as to all property covered by the 1936 delinquent tax sale. The county treasurer appeals.

1. The appellees have moved to dismiss the appeals on the ground that they have become moot. The Attorney General, who represents the county treasurer pursuant to direction from the Governor, without agreeing that they have become moot, objects to dismissal and urges that, since they involve important public questions affecting the collection of taxes and the jurisdiction of the courts to enjoin the holding of tax resales, and since the cases have been fully briefed and orally argued, they should be decided on their merits. He calls our attention to Dove v. Oglesby, 114 Okla. 144, 244 P. 798, and Board of County Commissioners v. Dorough, 177 Okla. 346, 59 P. 2d 273, which support his views on this question: The record is not clear that the appeals have become moot, but assuming that they have, we are of the opinion, and hold, that since they involve questions of vital public concern, at least one of which has not been decided by this court, and

as to another there is a conflict in our decisions, we have not lost jurisdiction and should dispose of the cases on their merits. This is the type of cases where we should do so, since such cases soon become moot, and it would be difficult to get a decision on the merits before they do become moot. While it is a general rule in this jurisdiction, as well as in the other jurisdictions, that the courts will not ordinarily decide moot questions, this rule applies generally to private rights, and not always as to them, but an exception is recognized in cases involving public rights, and another exception is sometimes made when the question of the assessment of costs is involved. See 4 C. J. 575 § 2383, notes 81-82, 94; 4 C. J. S. 1945 § 1354, notes 24, 45; 3 Am. Jur. 308, 310, § 733, notes 10 and 13. The question as to whether the appeal in such a case shall be dismissed or whether the case shall be decided on its merits rests in the discretion of the appellate court. In cases having to do with the collection of the public revenue the discretion should ordinarily be exercised in favor of a decision on the merits. This is what was done in State ex rel. St. L. & S. F. R. Co. v. Boyett, 183 Okla. 49, 80 P. 2d 201.

The motion to dismiss the appeal is overruled.

2. We first dispose of cause No. 29935, brought by persons owning property to be sold at the resale. The plaintiffs in that cause argue that the resale of the property covered by the 1936 delinquent tax sale will be void because of failure to publish the notice the full 21 days, as held in Savery v. Board of County Commissioners, 173 Okla. 284, 48 P. 2d 275, and other cases; that several thousand tracts of land in Creek county will be clouded by the execution and recordation of void resale tax deeds; that under 68 O. S. 1941 §§ 432 i -432 1, the officers of Creek county will be required to institute many actions and to expend a large amount of public funds in an effort to acquire possession of properties that will be bid off in the name of Creek county; that because of the publication of the county attorney's letter and the general understanding that the titles to be acquired at the resale will be void, bidding will be stifled both at the resale and commissioners' sale; that the plaintiffs as owners of property included in the resale have a right to insist that their property be not taken from them except in the manner provided by law, and that they, as taxpayers of Creek county, have a right to insist that the laws be complied with so that their properties may be sold at a fair, competitive sale, and so that there may be no illegal expenditure of public funds resulting from an illegal tax resale. Plaintiffs argue that this case should be controlled by the decision in Criswell v. Hart, 155 Okla. 159, 8 P. 2d 70. They call attention to paragraph 1 of the syllabus in that case that under section 420, C. O. S. 1921 (C. S. 1931 § 723, 12 O. S. 1941 § 1397), an injunction may be granted to enjoin "the illegal levy of any tax, charge or assessment, or the collection of any illegal tax, charge or assessment, or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied may unite in the petition filed to obtain such injunction." They also call attention to the statement in the body of the opinion that "if a resale would be void and cause an unlawful expense to the taxpayers of the county, and if the deeds issued pursuant to the resale would cloud the title to land in the county, as alleged in the amended petition, the sale should be enjoined, not only to prevent the clouding of title to the real estate, but to prevent the useless expenditure of county funds." They contend, contrary to the argument of the defendant, that the decision in Huddleston v. Vahlberg, 187 Okla. 541, 104 P. 2d 434, is not controlling here.

The case of Criswell v. Hart, above, has been frequently cited as authority for the proposition that injunction will issue to prevent the holding of a tax sale or resale at the suit of taxpayers whose property is about to be sold. (Huddleston v. Vahlberg, above; Daven-

port v. Snyder, 185 Okla. 160, 90 P. 2d 652), but it has never been followed on that point. The writer of the opinion overlooked the fact that O. S. 1931 § 723 was modified by the statutes giving taxpayers adequate and exclusive legal remedies to prevent the illegal assessment of property and the illegal levy of taxes, and by authorizing the payment of alleged illegal taxes under protest and the filing of actions to recover the same where the illegality of the tax arises by reason of some action from which the laws provide no appeal (O. S. 1931, §§ 12305-12315, 12653, 12660, 12663, 12664, and 12665; Black v. Geissler, 58 Okla. 335, 159 P. 1124; Duling v. First Nat. Bank, 71 Okla. 98, 175 P. 554; Sowers v. First Nat. Bank, 89 Okla. 160, 213 P. 876; Settle v. Frakes, 156 Okla. 53, 9 P. 2d 768), that "a remedy by injunction in such cases is expressly denied the taxpayer by statute" (Phillips v. Freas, 151 Okla. 227, 3 P. 2d 436), and that the district court will be prohibited from enjoining tax sales (State v. District Court of Okmulgee Co., 122 Okla. 69, 250 P. 1023; Wallace v. Gassaway, 148 Okla. 265, 298 P. 867). Plaintiffs and the class they represent, in addition to the remedies above mentioned, have the remedy of paying their taxes and thus preventing the resale and the expenditures complained of, and they may even redeem from the resale at any time before the issuance of a resale tax deed. 68 O. S. 1941 § 433 a.

Insofar as the decision in Criswell v. Hart holds that the owners of property about to be sold for taxes may enjoin the holding of a tax sale or resale of their property, the same is expressly overruled. It follows that the plaintiffs in cause No. 29935 and intervener Lytle in cause No. 29934, as owners of property included in the resale, may not enjoin the holding of the same. We thus give effect to that portion of section 12653, O. S. 1931 (carried forward in 68 O. S. 1941 § 15.49), providing that "equitable remedies shall be resorted to only where the aggrieved party has no taxable property in the tax district of which complaint is made."

3. We next consider the issues presented in cause No. 29934. The precise question thus presented seems not to have been passed upon by this court. Of course, the remedies afforded to the plaintiffs in cause No. 29935 are not available to Jones, plaintiff in cause No. 29934, who has paid his taxes and has no property included in the proposed resale.

We are committed to the rule that a resident taxpayer, although he shows no special or private interest, may maintain an action to enjoin the illegal creation of a public debt or the illegal expenditure of public funds. Kellogg v. School Dist., 13 Okla. 285, 74 P. 110; Town of Afton v. Gill, 57 Okla. 36, 156 P. 658. See, also, 32 C. J. 270, § 425. Under this rule, which has been many times followed by this court, Jones would be entitled to injunctive relief to prevent an illegal expenditure of public funds or the illegal creation of a public debt if his proof were sufficient to establish a case. He relies on the same evidence, and makes about the same argument, as do the plaintiffs in cause No. 29935. But he has not shown that he is entitled to enjoin the holding of the resale. There is no contention that any public debt will be created against Creek county or that any public funds of Creek county will be illegally expended in the holding of the resale. The expense of publishing the notice had been incurred prior to the filing of the actions. The contention that the county attorney's letter will have the effect of stifling bidding at the resale, while possibly true in a measure, is speculative. It is common knowledge that the purchase of property at tax sales is a highly speculative venture, and that is the reason why property usually sells at such sales for a small fraction of what it is worth. However, the purchasers at tax sales realize that they will in all probability make a large return on their investment; that in many cases, though the titles may be defective, they can compromise with the former owners to advantage; and that many of the former owners will not question the tax title, and if they do, they must comply with

the tender statutes, in which event the purchasers will get their money back with a good rate of interest. It follows that the argument that the county will acquire more tracts of land because of the publication of the county attorney's letter than it would otherwise acquire, is likewise speculative. Furthermore, if it does, the former owners must comply with the tender statutes before they will be heard to question the right of the county to possession of the property and to collect rents therefrom. Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573; Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607.

To hold that because of the publication of the county attorney's letter the sale should be enjoined, would be setting a dangerous precedent and bring great confusion into the enforcement of the revenue laws. Any other citizen or lawyer could write such a letter which would be about as effective in stifling bidding as a letter by the county attorney.

The power to issue injunctions should be exercised sparingly and cautiously, and only in cases reasonably free from doubt. 28 Am. Jur. 217, § 24; 32 C.J. 33, § 12. And for reasons of public policy, the courts are reluctant to enjoin the orderly and speedy collection of public revenues, even when the statutes do not forbid them to do so, and will do so only in the clearest cases and for the most imperative reasons. 61 C. J. 1070, note 47; Pittsburg, etc., Ry. Co. v. Board of Public Works, 172 U. S. 32, 43 L. Ed. 354, 19 S. Ct. 90; Port Angeles R. Co. v. Clallam County, 20 Fed. 2d 202. The courts may not enjoin a public officer from performing any official act that he is by law required to perform. 32 C. J. 240, note 48; 61 C. J. 1071, note 68; 28 Am. Jur. 352, 353, notes 18 and 7; Mendenhall v. Denham, 35 Fla. 250, 17 S. 561; Southern Oregon Co. v. Quine, 70 Ore. 63, 139 P. 332; Campbell v. New York City, 244 N. Y. 317, 155 N. E. 628, 50 A. L. R. 1473.

As was said by Chief Justice Cardozo, in Campbell v. New York City, above,

"here the act to be restrained is one commanded by the statute." It is the mandatory duty of the county treasurer to annually conduct a resale of property that has been bid in by the county and remained unredeemed for as long as two years (68 O.S. 1941 §§ 432, 432a, 432b, 432n), and this duty will be enforced by mandamus. State ex rel. St. L.-S. F. Ry. Co. v. Boyett, above. The statutes make no exceptions as to property sold at the delinquent tax sale on insufficient notice or because the prior proceedings are defective in any other respect. The county can acquire no property at the resale · except involuntarily and by reason of the operation of the resale law. And all the public funds that may be expended by the county commissioners in securing possession of, and managing, the property so acquired will be expended because the resale law commands it. If, in performing their duty in that connection, the county commissioners are about to unlawfully expend county funds, the plaintiff and other taxpayers will then have their remedy to prevent it. But the mere apprehension of unlawful expenditures by the county commissioners in the future will not justify the issuance of injunction against holding the resale.

Judgments reversed, with directions to dismiss both causes.

CORN, C. J., and RILEY, WELCH, and ARNOLD, JJ., concur. GIBSON, V. C. J., and OSBORN, BAYLESS, and DAVISON, JJ., dissent.

———

GIBSON, V. C. J. (dissenting). The statement in the majority opinion to the contrary notwithstanding, the record in this case discloses that these appeals have become moot. This court also knows that fact from verbal statements made by the plaintiff in error in his lifetime and by counsel in the cases.

In Chicago, R. I. & P. Ry. Co. et al. v. State, 43 Okla. 368, 143 P. 37, we said:

"It is well settled that the Supreme Court will not decide abstract or hypothetical cases, disconnected from the

granting of actual relief, or from the determination of which no practical relief can follow. C., R. I. & P. Ry. Co. v. Territory, 21 Okla. 329, 97 P. 265; Parker v. Territory, 20 Okla. 851, 94 P. 175; Davis v. Humbarger, 27 Okla. 781, 117 P. 198; Sneed v. State, 27 Okla. 259, 111 P. 203."

We have repeated that rule numerous times.

No relief can result from promulgating the majority opinion. It is advisory only, and heretofore we have consistently refrained from giving advisory opinions.

I therefore respectfully dissent.

OSBORN, BAYLESS, and DAVISON, JJ., concur in this dissent.