**1998 OK 106**

**Dana Beth PEARCE, Appellee,**

**v.**

**The STATE of Oklahoma, and James M. Nicholson, Individually,[1] and in His Capacity as Division Administrator, Developmental Disabilities Services Division, Department of Human Services, Appellants.**

**No. 88251.**

Supreme Court of Oklahoma.

Oct. 27, 1998.

10. *Id.*

11. Title 51 O.S.1991 § 24A.8, see note 1, supra.

1. James Nicholson was dismissed from the lawsuit below and seeks no appellate relief in this Court. See 20 O.S.1991 § 3002; and Rule 1.25(b) Rules of Appellate Procedure, 12 O.S. Supp.1997, Ch. 15, App. 1.

Mark Hammons, Hammons & Associates, Oklahoma City, for Appellee.

Charles L. Waters, General Counsel Richard A. Resetaritz, Asst. Gen. Counsel, Department of Human Services, Oklahoma City, for Appellants.

SIMMS, J.

¶1 The Department of Human Services (D.H.S.) presents one issue for certiorari review: whether the power of the director of the Department of Human Services to make appointments to the unclassified service has been removed through amendments to the Oklahoma Personnel Act, citing 74 O.S.1995 Supp. § 840–1.1 et seq.[2] We answer the question in the negative.

¶2 Certiorari is granted. The opinion of the Court of Civil Appeals is vacated and the judgment of the trial court is affirmed.

## I.

¶3 Plaintiff below, Dana Beth Pearce, was employed with the Department of Human Services as assistant superintendent of the Southern Oklahoma Resource Center, which at the time of her employment served both mentally handicapped adults and children. Pearce worked for the center in January 1991, until her resignation in February 1993. When she was hired, the Department of Human Services considered her an unclassified employee, informed her of this status and the fact she would not be "classified" for purposes of the Oklahoma Personnel Act and the Merit System protections that act provides. 74 O.S.1991 § 840–1.1 et seq. It is this declassification and the denial of the merit system process that is the focus of Pearce's claim.

---

**2.** Two other questions were asserted in D.H.S.'s petition for certiorari, one dealing with an award under the Governmental Tort Claims Act (G.T.C.A.) and one issue concerning remedies under a Burk tort action. *Burk v. K–Mart Corp.,* *Inc.,* 1989 OK 22, 770 P.2d 24. The trial court did not premise any of Plaintiff's recovery on either a Burk tort or the G.T.C.A. Therefore, neither of these issues is properly before this Court for certiorari review.

¶ 4 Pearce's resignation resulted from an inquiry regarding alleged misrepresentations she made about her qualifications when she first interviewed and was hired for the position. The center's director, James Nicholson, began proceedings to terminate Pearce, serving her with a "Notice of Proposed Termination." This notice informed Ms. Pearce of the nature of the allegations for termination and offered her an opportunity to respond to the allegations in writing. Pearce did respond, but Nicholson chose to proceed with the termination. It was then that Pearce tendered her resignation.

■ ¶ 5 Thereafter, Pearce filed her Petition in the district court of Garvin County, alleging both a common law tort claim and a Section 42 U.S.C § 1983 claim. The trial court heard testimony and argument regarding the amount of back pay to award Pearce. Pearce prevailed and was awarded $61,690 for the income lost when she took a lesser paying job with Oklahoma City Public Schools, after resigning from D.H.S. based on her 42 U.S.C. § 1983 claim. Prior to the trial, Pearce and D.H.S. agreed to Pearce's reinstatement in a comparable position for like pay, pursuant to an earlier order (February 28, 1996) and the corresponding Journal Entry of Partial Summary Judgment, which directed the reinstatement. The back pay issue was the only one pursued at the trial.[3]

¶ 6 The termination process afforded Pearce was in keeping with that offered to those employees in unclassified employment. However, the procedure was not in keeping with that offered in the merit system process, which provided the opportunity to respond to allegations in person, not simply in writing, as well as other protections, such as an appeal to the Oklahoma Merit Protection Commission.

## II.

■ ¶ 7 The only question before us on certiorari review is whether the Director of the department may appoint employees to the unclassified service and whether 74 O.S. 840–1.1 et seq. is contra to the authority given the director in Art. 25 § 4 of the Oklahoma Constitution. D.H.S. urges its director has complete authority to appoint to the unclassified service due to the fact that the director's authority was conferred by constitution rather than by statute:

> The Commission shall formulate the policies, and adopt rules and regulations for the effective administration of the duties of the Department. All executive and administrative duties and responsibilities of the Department shall be discharged by the Director, subject to the approval of the Commission. Subject to the control of the Commission, the Director shall have the power and it shall be his duty to employ personnel of the Department, prescribe minimum standards of qualifications for such personnel and conduct examinations before employment, *formulate salary schedules for classified service* based upon training, experience and general ability of persons selected for positions in the Department or any institution or activities under the supervision of the Department.

Oklahoma Const. XXV, § 4 (emphasis added).

¶ 8 The Constitutional provision itself contemplates classified service for the employees of the Dept. of Public Welfare. Pearce's position was not one which was listed in the "unclassified catalog" at 74 O.S.1991 § 840–5.5.[4] As a result, the trial court prop-

---

**3.** Exceptions to the mootness doctrine exist for reasons of public interest or likelihood of recurrence. *Payne v. Jones,* 193 Okla. 609, 146 P.2d 113, 116 (1944); *Jackson v. Oklahoma Memorial Hosp.,* 1995 OK 112, 909 P.2d 765, 768 n. 10; *Northeast Oklahoma Elec. Coop., Inc. v. State of Oklahoma ex rel., Corporation Comm'n,* 1991 OK 28, 808 P.2d 680, 683 n. 10. As Pearce now maintains a classified D.H.S. position, we do not believe there to be a strong likelihood of the instant facts repeating themselves in her case. Instead, the exception here is one made for reasons of public interest. We note the dissenting opinion's citations to *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) and *In re Mental Health of D.B.W.,* 616 P.2d 1149 (Okl.1980) do not involve a mootness exception for reasons of public interest.

**4.** This section was amended after Pearce's resignation to allow a position such as the one she held to be registered as unclassified. However, this section did not take affect until 1994 and was not available during the term of Plaintiff's employment.

erly found her position to be one of classified employment. Furthermore, this Court has upheld the constitutionality of the Oklahoma Personnel Act in *Schmitt v. Hunt*, 1960 OK 257, 359 P.2d 198. *Schmitt* examined the Act as it applied to the statutorily created State Insurance Department. D.H.S. argues that statutory creation allowed the legislature to apply the Personnel Act to the Insurance Dept., because the legislature had been the original impetus for the department's authority. The same cannot be said in the case of a constitutionally created authority. However, in terms of the D.H.S. director, the constitutional provision itself directly refers to "classified service" in the context of outlining the director's authority. For this reason, the constitution clearly anticipated a legislative role in the director's authority with regard to employee classification. Therefore, the conflict which D.H.S. alleges exists between Const. XXV, § 4 and the Oklahoma Personnel Act is not apparent.

¶ 9 The director's power to appoint to unclassified service is not removed by virtue of the amendments to 74 O.S.1991 § 840–1.1 et seq., as the director is given latitude to appoint unclassified employees within the confines of the statute. The director's appointments are, however, subject to the limitations of the statute.

¶ 10 The trial court award in Plaintiff's favor is affirmed.

KAUGER, C.J., and HODGES, HARGRAVE, OPALA and WATT, JJ., concur.

SUMMERS, V.C.J., dissents:

Like LAVENDER J., I would dismiss this case as moot.

LAVENDER, J. dissents.

ALMA WILSON, J., dissents and joins LAVENDER, J.

LAVENDER, J., with whom ALMA WILSON, J., joins, dissenting.

¶ 1 When the parties' certiorari submissions are reviewed, including briefs submitted after our grant of certiorari, it becomes clear that all issues presented in this appeal have become moot by virtue of a post-appeal settlement agreement reached by the parties. The submissions reveal the terms of the settlement include: the agreement of appellant, the Department of Human Services (DHS) to reinstate and maintain appellee in a classified position, to renounce any right to continue or recommence disciplinary proceedings against her, to pay her certain monetary amounts for final resolution of any issues concerning back pay, costs and attorney fees, and that none of the settlement's terms (including maintaining appellee in a classified position) would be affected by the outcome of this appeal. Although DHS appears to concede the parties' settlement does moot any issue presented in its appeal because no effective relief can now be fashioned concerning this controversy no matter what the outcome of the appeal, it argues a decision should be rendered by this Court in any event on the basis of two exceptions to the mootness doctrine—the public interest exception and the likelihood of recurrence, yet evading review, exception. The majority believes this case fits within the confines of the public interest exception. In that I believe the settlement of the parties has plainly rendered the appeal moot and neither exception warrants our consideration of the matter, I would dismiss the appeal as moot.

¶ 2 It is this Court's general rule that, where, pending appeal, all questions involved in a case have been settled so that an appellate decision will merely determine a question of law without effectuating any relief to either of the parties, we will not pass upon such questions and the appeal will be dismissed as moot. *Coalton Coal Co. v. Herron,*

C. [T]he following offices, positions, and personnel shall be in the unclassified service: ...
4. A maximum of two percent (2%) of the maximum number of full-time-equivalent positions authorized by law to the Department of Human Services provided the Director of the Department of Human Services certifies that each position so designated as unclassified meets

at least one of the following criteria: ... (b)the duties of the position are primarily administrative or managerial in nature and involve establishing broad policies or program direction for the Department or divisions within the Department. 56 O.S.1994 Supp. § 26.17(C) & (C)(4)(b).

100 Okla. 291, 229 P. 245 (1924). The general rule is based on the doctrine this Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief. *Payne v. Jones,* 193 Okla. 609, 146 P.2d 113, 118 (1944)(Gibson, V.C.J., dissenting), quoting *Chicago, R.I. & P. Ry. Co. v. State,* 43 Okla. 368, 143 P. 37. Further, it has been held the question of whether a moot appeal should be dismissed or decided on its merits by virtue of some exception to the mootness doctrine, rests within the discretion of the appellate court. *Payne v. Jones, supra,* 146 P.2d at 116 (1944). Here, our discretion should be exercised to dismiss the appeal.

¶ 3 In the first instance, it is quite plain the situation here is not one that is likely to recur yet evade review. Such exception has normally been recognized to apply in matters where two elements combine: 1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and 2) there is a reasonable expectation the same complaining party will be subjected to the same action again. *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *In re Mental Health of D.B. W.,* 1980 OK 125, 616 P.2d 1149, 1151. Neither prong of this test is evident in this case. One, there is nothing in the circumstances of this litigation, involving as it does appellee's termination from State-governmental employment, that involves a matter of short duration so as to invoke the first prong. Two, it is obvious the parties' settlement whereby DHS apparently agreed to maintain appellee in a classified position, regardless of the outcome of this appeal, has made it highly unlikely she will ever again be subject to a termination or disciplinary action failing to comply with any merit rules covering classified employees. The likelihood of recurrence, yet evading review, exception, therefore, simply has no applicability in this case.

¶ 4 As to the public interest exception, although the issue decided by the majority opinion is one involving a public law issue— whether the director of DHS's power to make appointments to unclassified service may be removed or limited by legislative enactments—I find this case particularly inappropriate as a vehicle to decide the public law question. First, even where a public law issue is involved, to warrant invocation of an exception to a mootness dismissal, there should be some indication there is a need for quick or immediate resolution of the question. *See Northeast Oklahoma Electric Cooperative, Inc.. v. State ex rel. Corporation Commission,* 1991 OK 28, 808 P.2d 680, 683. I can discern no such need in this case. Second, although DHS apparently takes the legal position the director's power cannot be so removed or limited, we have been provided with no definitive factual basis to conclude DHS is in violation of 56 O.S. Supp.1994, § 26.17—the statutory provision placing most DHS employees within the classified service, while excepting certain employees for appointment to unclassified positions—or that DHS, notwithstanding its legal position here, has any current plans to disobey the dictates of § 26.17. In this posture our discretion should be exercised to dismiss the appeal as moot, rather than—as the majority opinion has done—to promulgate a purely advisory opinion.

¶ 5 Accordingly, although I do not necessarily disagree with the majority opinion's answer to the legal question sought resolution by DHS, I must respectfully dissent because I believe this appeal should be dismissed as moot.