2006 OK 94

**In the Matter of the GUARDIANSHIP OF Charles Foster DOORNBOS, an incapacitated person.**

**Darian Doornbos Kedy, Appellee,**

v.

**Patricia Doornbos, Appellant.**

**Nos. 103,138, 103,341.**

Supreme Court of Oklahoma.

Dec. 12, 2006.

---

1. The fact that petitions to probate Mr. Doornbos's estate have been filed in both Oklahoma and Arizona is not established in the record

**MEMORANDUM OPINION**

PER CURIAM.

¶1 This appeal is taken from the trial court order granting the petition for general guardianship brought by the ward's daughter, Darian Doornbos Kedy. While this and related appeals were pending in this Court, Mr. Doornbos, the ward, died.

¶2 This Court has consistently held that it will not decide abstract or hypothetical questions when no practical relief will result. *Rogers v. Excise Bd.*, 1984 OK 95, ¶15, 701 P.2d 754, 761; *Westinghouse Elec. Corp. v. G.R.D.A.*, 1986 OK 20, ¶17, 720 P.2d 713, 718. This Court is the "final arbiter" of whether this mootness doctrine applies. *Rogers*, 1984 OK 95, ¶15 n. 18, 701 P.2d at 761 n. 18. An appeal from the appointment of a guardian over the person is generally rendered moot when the ward dies during the pendency of the appeal. *In re Franks' Guardianship*, 1951 OK 169, ¶2, 232 P.2d 636, 636.

¶3 Appellant, Patricia Doornbos, Mr. Doornbos's wife, contends that the issue of his residency and/or domicile is not moot because it will continue to be an issue in the probate of Mr. Doornbos's estate. While that may be true,[1] an opinion on that issue in the context of this guardianship action has been rendered hypothetical by Mr. Doornbos's death. The issues raised in this appeal are moot.

¶4 Mrs. Doornbos urges this Court to nevertheless use this appeal to clarify the standards to be applied to a determination of residency and/or domicile because it has substantial and broad public interest. Substantial and broad public interest is a recognized exception to the mootness doctrine. *Westinghouse*, 1986 OK 20, ¶21, 720 P.2d at 720. However, exceptions to the mootness doctrine are not fixed and their application depends on the facts presented and the policy considerations. We will only apply those exceptions when the practical considerations indicate that doing so would avoid, rather

before this Court, although both parties have indicated that dueling probate petitions were filed within days of Mr. Doornbos's death.

than prolong, confusion. *Rogers,* 1984 OK 95, ¶ 15 & n. 19, 701 P.2d at 761 & n. 19. This case does not fit the criteria under those practical considerations.

¶ 5 In the alternative, Mrs. Doornbos has asked the Court to dismiss the guardianship petition as if it never occurred to avoid the preclusive effect of an unappealed, final judgment. *Miller v. Miller,* 1998 OK 24, ¶ 25, 956 P.2d 887, 897. The relief proposed by Mrs. Doornbos is unnecessary. Through no fault of the parties, Mrs. Doornbos was unable to secure a full review of the issue of residency and/or domicile. The trial court's determination of that issue in this matter, therefore, will have no preclusive effect on subsequent litigation. *See* Restatement (Second) of Judgments § 28 (1982) ("relitigation of the issue in a subsequent action between the parties is not precluded [when the] party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action"), *see Salazar v. City of Okla. City,* 1999 OK 20, ¶ 10 n. 7, 976 P.2d 1056, 1060 n. 7; *see also* Restatement (First) of Judgments § 69 (1942) ("Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action on a different cause of action").

¶ 6 This matter, including all pending motions, is dismissed as moot. In addition, companion appeal no. 103,341 and related appeal no. 103,112 have both been dismissed as moot today in separate, unpublished orders.

DISMISSED

CONCUR: WATT, C.J., WINCHESTER, V.C.J., LAVENDER, OPALA, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ.

DISQUALIFIED: HARGRAVE, J.