OSCN Found Document:MARTIN v. GRAY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MARTIN v. GRAY
2016 OK 114
Case Number: 114660
Decided: 11/08/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 114, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



Kourtni S. Martin, Petitioner,
v.
Nicholas L. Gray and Goodville Mutual Casualty Company, Respondents

REVIEW OF CERTIFIED INTERLOCUTORY ORDER

¶0 Petitioner sought review of a certified interlocutory order from the District Court of Oklahoma County, Honorable Bryan C. Dixon, which applied Kansas law and dismissed Petitioner's bad-faith claim with prejudice.

REVIEW PREVIOUSLY GRANTED;
TRIAL COURT REVERSED;
CAUSE REMANDED FOR DISMISSAL.

Gerard P. Pignato and Dixie A. Craven, PIGNATO, COOPER, KOLKER & ROBERSON, P.C., Oklahoma City, Oklahoma, and Monty L. Cain, CAIN LAW OFFICE, Oklahoma City, Oklahoma, for Petitioner.
Sean H. McKee and Matthew Benjamin Free, BEST & SHARP, Oklahoma City, Oklahoma, for Respondent, Goodville Mutual Casualty Company.


COLBERT, J.
¶1 The issue in this review of a certified interlocutory order is whether the trial court erred by applying Kansas law to dismiss an insured's claim of bad faith for an insurer's failure to pay uninsured motorist (UM) coverage. This Court holds that Kansas law does not apply to this insured's claim for bad faith and, therefore, the trial court erred.
FACTS AND PROCEDURAL HISTORY
¶2 Kourtni S. Martin (Insured) suffered serious injuries from an automobile collision in Oklahoma City with Nicholas L. Gray on May 31, 2013. At the time of the collision, Insured had UM coverage with Goodville Mutual Casualty Company (Insurer). The policy was purchased by her parents while they lived in Kansas. She was, however, a listed/rated driver in the policy. Before the collision, Insured's parents notified the Kansas agent that she was moving to Oklahoma to live with her grandmother and that her vehicle would be garaged in Oklahoma. After the collision, the claim was reported to the agent in Kansas who then transmitted the claim to Insurer which is located principally in Pennsylvania. The claim was adjusted out of Pennsylvania. Insured was unable to locate Gray. Her attempts to serve Gray, or his insurer, in Oklahoma and Texas failed.
¶3 Insured filed this lawsuit against Gray on January 4, 2015, alleging negligence. After service by publication, Gray answered asserting a general denial. Insured sought compensation from Insurer pursuant to her UM policy and negotiations began between Insured and Insurer regarding medical bills and projected future medical bills substantially in excess of $100,000. Insurer offered $27,000 for medical expenses under the "Kansas No Fault Benefits" and $10,000 in UM coverage.
¶4 On August 17, 2015, Insured filed an amended petition which added a breach of contract claim against Insurer[1] and a claim for Insurer's bad faith.[2] In response, Insurer filed a motion to dismiss the bad-faith claim insofar as Kansas law does not recognize such a claim as a matter of law. The trial court granted Insurer's motion and held Kansas law applied to Insured's claims for breach of contract and bad faith against Insurer. The trial court determined that dismissal of the bad-faith claim affected a substantial part of the merits of the controversy and that an immediate appeal may materially advance the ultimate termination of the litigation pursuant to section 952(b)(3) of title 12 of the Oklahoma Statutes. Litigation of the matter was stayed pending review on January 8, 2016. This Court granted Insured's petition to review the certified interlocutory order.
STANDARD OF REVIEW
¶5 "The purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim." Rogers v. Quiktrip Corp., 2010 OK 3, ¶ 4, 230 P.3d 853, 856. "Issues of law are reviewable by a de novo standard and an appellate court claims for itself plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings." Kluver v. Weatherford Hosp. Auth., 1993 OK 85, ¶ 14, 859 P.2d 1081, 1083. The trial court's decision on a choice of law issue is reviewed de novo. Edwards v. McKee, 2003 OK CIV APP 59, ¶ 9, 76 P.3d 73, 76.
ANALYSIS
¶6 The trial court applied Kansas law to Insured's contract and bad-faith claims. The trial court applied Kansas law under Insurer's alternative theories of (1) the rule codified at section 162 of title 15 of the Oklahoma Statutes[3] or (2) the conflicts of law rule derived from Oklahoma's uninsured motorist statute found at section 3636(A) of title 36.[4] Today's question, however, is whether a claim of an insurer's bad faith is independent of a claim for breach of contract for the purpose of conflicts of law analysis.[5]
¶7 This Court holds that a claimed violation of an insurer's implied-in-law duty of good faith and fair dealing presents an independent tort pursuant to Christian v. American Home Assurance Company and McCorkle v. Great Atlantic Insurance Company, requiring application of the law of the state with the most significant relationship to the alleged violation. Therefore, the trial court erred when it held that Kansas law applied automatically to Insured's breach of contract and tort claim based on the duty of good faith and fair dealing.
 
¶8 The trial court appears to have reasoned that Kansas law applied to both claims believing that a bad-faith claim arises out of contract. Insurer relies on Panama Processes, S.A. v. Cities Serv. Co., 1990 OK 66, 796 P.2d 276. There, this Court applied the choice of law rules governing contracts to two alternative breach of duty theories arising out of a letter agreement, (1) "the good faith duty implied in every contract[6] and (2) the pure fiduciary duty of the Anglo-American law that arises from a trust-based relationship." Id., ¶ 31, 796 P.2d at 289. The Panama Processes Court noted that "[u]nderlying the breach of duty theory of recovery is the issue whether it should be characterized as sounding in tort or in contract. Oklahoma jurisprudence indicates that it could be characterized as either, since the breach in some instances is a tort arising out of a contractual relationship." Id., ¶ 32, 796 P.2d at 289. However, because the breach of duty theory in Panama Processes was "based on breach of fiduciary obligations stemming from the letter agreement" the choice of law rules concerning contracts were applied. Id.
¶9 Oklahoma jurisprudence does not support reliance on Panama Processes in this matter. In 1977, this Court approved and adopted the rule "that an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for consequential and, in a proper case, punitive, damages may be sought." Christian v. Am. Home Assurance Co., 1977 OK 141, ¶ 25, 577 P.2d 899, 904. "This is a distinct tort based upon an implied duty of the insurer to act in good faith and deal fairly with its insured. This duty is not consensual, it is imposed by law." Id., ¶ 6, 577 P.2d at 901. A few years later, in McCorkle v. Great Atl. Ins. Co., 1981 OK 128, ¶ 27, 637 P.2d 583, 588, this Court reaffirmed Christian and held that it applies to all types of insurance companies. In doing so, this Court emphasized the tort of bad faith is an "independent and intentional tort." Id., ¶ 22, 637 P.2d at 587. Thus, it is well-established that a bad-faith claim presents a tort.
¶10 The choice of law applicable to a tort claim is the "most significant relationship" test adopted in Brickner v. Gooden, 1974 OK 91, 525 P.2d 632. There, this Court abandoned the rule that the place of the wrong governs the applicable law on all issues of multi-state tort actions and held as a general principle:


the rights and liabilities of parties with respect to a particular issue in tort shall be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties. The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties occurred.
Id., ¶ 23.
¶11 The actions by Insurer related to the bad-faith claim appear to have occurred primarily in Oklahoma and Pennsylvania: (1) any injury from the alleged bad faith occurred in Oklahoma where Insured is located; (2) the alleged conduct causing injury from bad faith occurred in Oklahoma or Pennsylvania, where the claim was handled; (3) the domicile of Insurer and Insured are Pennsylvania and Oklahoma, respectively, and (4) the place where the relationship between the parties occurred has yet to be determined. However, because the trial court did not apply the most significant relationship test, there has been no evaluation of these factors according to their relative importance.
¶12 Normally, this matter would have been remanded to the trial court for application of the most significant relationship test to Insured's bad-faith claim. However, the parties have filed a "Joint Motion to Dismiss Appeal" with prejudice based on the "voluntary settlement of all issues related to this matter." "Ordinarily a court would not consider a case once the case has become moot, however, exceptions to the mootness doctrine exist for reasons of public interest or likelihood of recurrence. Pearce v. Oklahoma, 1998 OK 106, ¶ 5, 970 P.2d 175; Payne v. Jones, 1944 OK 86, ¶¶ 4-5, 146 P.2d 113." Shirazi v. Childtime Learning Ctr., Inc., 2009 OK 13, ¶ 4 n.4, 204 P.3d 75 (public interest exception to the mootness doctrine applied to uncertainty by the bench and bar concerning recent employment discrimination holdings). "This Court is the 'final arbiter' of whether [the] mootness doctrine applies." In re Doornbos, 2006 OK 94 ¶ 2, 151 P.3d 126.
¶13 This Court determines that the issue of the proper conflicts of law analysis for an insured's claim of bad faith against an insurer under Oklahoma law is one of broad and substantial public interest which has the potential to affect every insured. This cause is remanded to the trial court with instructions to dismiss the action, after mandate has issued, based on the parties' settlement.

REVIEW PREVIOUSLY GRANTED;
TRIAL COURT REVERSED;
CAUSE REMANDED FOR DISMISSAL.

CONCUR: Reif, C.J., Combs, V.C.J., Kauger, Watt Edmondson, Colbert, J.J.
DISSENT: Winchester, Taylor, Gurich JJ.

FOOTNOTES

[1] Insured's breach of contract claim against Insurer alleges: "Goodville breached its contract with Plaintiff by failing and refusing to pay her all of the benefits to which she is entitled up to the policy limits."

[2] Insured's bad-faith claim alleges Insurer's failure "to train and educate its claim handlers on proper claim-handling technique and requirements in Oklahoma" resulted in a "woefully inadequate," "delayed," and "biased" investigation "which treated its insured as an adversary."

[3] "A contract is to be interpreted according to the law and usage of the place where it is to be performed, or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

[4] The rule provides:
No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection B of this section.
Okla. Stat. tit. 36, § 3636(A) (2011). See Bernal v. Charter Cnty. Mut. Ins. Co., 2009 OK 28, ¶ 14, 209 P.3d 309, 316 ("By its own terms, § 3636(A) applies solely to a policy 'issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state . . ..'").

[5] Insured devotes a paragraph of her Brief in Chief to another issue. The issue involved the Insured's Motion for Default [Judgment] or Alternatively to Deem Certain Defenses Waived. Insured argues that "[h]ad the District Court ruled in [Insured's] favor on that issue, [Insurer] would not have been able to file its Motion to Dismiss [Insured's] Bad Faith Claim." That issue, however, was not certified for immediate appeal and, as a result, will not be addressed by this opinion.

[6] As this Court has long held:
Although a contractual relation may exist between parties, nevertheless a tort may arise in the course of the performance under contract so that a breach of the contract may not be the gravamen of the action, but an intentional wrong may be. The contract in such case is the mere incident creating the relation furnishing the occasion for the tort and giving rise to an action ex delicto, especially where the acts constituting the breach are willful, designed, intentional, or malicious.
Hall Jones Oil Corp. v. Claro, 1969 OK 113, ¶ 0, Syl. 1, 459 P.2d 858.
 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2003 OK CIV APP 59, 76 P.3d 73, EDWARDS v. McKEE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 66, 796 P.2d 276, 61 OBJ 1934, Panama Processes, S.A. v. Cities Service Co.
Discussed
 1993 OK 85, 859 P.2d 1081, 64 OBJ 2009, Kluver v. Weatherford Hosp. Authority
Discussed
 1969 OK 113, 459 P.2d 858, HALL JONES OIL CORPORATION v. CLARO
Discussed
 1974 OK 91, 525 P.2d 632, BRICKNER v. GOODEN
Discussed
 2006 OK 94, 151 P.3d 126, IN THE MATTER OF THE GUARDIANSHIP OF DOORNBOS
Discussed
 2009 OK 13, 204 P.3d 75, SHIRAZI v. CHILDTIME LEARNING CENTER, INC.
Discussed
 2009 OK 28, 209 P.3d 309, BERNAL v. CHARTER COUNTY MUTUAL INSURANCE CO.
Discussed
 2010 OK 3, 230 P.3d 853, ROGERS v. QUIKTRIP CORP.
Discussed
 1977 OK 141, 577 P.2d 899, CHRISTIAN v. AMERICAN HOME ASSUR. CO.
Discussed
 1981 OK 128, 637 P.2d 583, McCorkle v. Great Atlantic Ins. Co.
Discussed
 1998 OK 106, 970 P.2d 175, 69 OBJ 3789, Pearce v. Oklahoma
Discussed
 1944 OK 86, 146 P.2d 113, 193 Okla. 609, PAYNE v. JONES
Discussed