2003 OK CIV APP 59

**Veva (Gerdom) EDWARDS, Plaintiff/Appellant,**

v.

**Jonnise E. McKEE and Sullivan's Trucking Company, Defendants/Appellees.**

**No. 97,661.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 23, 2003.

---

C. Bradley Tuck, Tuck & Lukachick, P.C., Springfield, MO, and Marshall J. Wells, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, OK, for Appellant.

Michael J. Masterson, Wilburn and Masterson, Tulsa, OK, for Appellees.

Opinion by LARRY JOPLIN, Chief Judge:

¶ 1 Plaintiff/Appellant Veva (Gerdom) Edwards (Plaintiff) seeks review of the trial court's order denying her motion for new trial after entry of a judgment on the jury's verdict denying her recovery against Defendants/Appellees Jonnise E. McKee and Sullivan Trucking Company (respectively, McKee and Sullivan, or, collectively, Defendants). In this appeal, Plaintiff asserts the trial court erred in instructing the jury pursuant to Kansas law.

¶ 2 In April 1995, Plaintiff, a passenger in the vehicle operated by Rudolph Schuetze and apparently then a resident of Indiana, suffered injury when a semi-trailer truck owned by Sullivan—an Oklahoma corporation with its principal place of business in Oklahoma—and operated by McKee—an Oklahoma resident—collided with the rear of Schuetze's vehicle at an intersection in Montgomery County, Kansas.

¶ 3 Plaintiff brought suit in Kansas, alleging McKee's negligence and Sullivan's vicarious liability as McKee's employer. The parties conducted discovery in Kansas, and in anticipation of trial in Kansas, Plaintiff obtained one or more examinations by Kansas medical experts, who later testified by video deposition(s). However, the Kansas court dismissed Plaintiff's case without prejudice for failure to cooperate with discovery.

¶ 4 In February 1999, Plaintiff—now alleging her residence in Missouri—commenced the instant suit in the District Court of Kay County, Oklahoma, the county of McKee's residence and Sullivan's principal place of business. At trial, the jury heard evidence arguably demonstrating Schuetze's comparative/contributory negligence.

¶ 5 At the conclusion of the evidence, Plaintiff sought instruction of the jury pursuant to the Oklahoma law of comparative negligence, i.e., permitting recovery to a plaintiff adjudicated fifty percent (50%) comparatively negligent. See, 23 O.S. §§ 13,[1] 14[2]; Laubach v. Morgan, 1978 OK 5, ¶ 10, 588 P.2d 1071, 1073.[3] Defendants sought instruction pursuant to the Kansas law of comparative negligence, which denies a plaintiff recovery if found 50% negligent, and permitting impu-

---

1. "In all actions hereafter brought, whether arising before or after the effective date of this act, for negligence resulting in personal injuries or wrongful death, or injury to property, contributory negligence shall not bar a recovery, unless any negligence of the person so injured, damaged or killed, is of greater degree than any negligence of the person, firm or corporation causing such damage, or unless any negligence of the person so injured, damaged or killed, is of greater degree than the combined negligence of any persons, firms 'or corporations causing such damage."

2. "Where such contributory negligence is shown on the part of the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such person's contributory negligence."

3. "[I]n an action based on comparative negligence, a plaintiff's percentage of negligence is to be compared with the aggregate negligence of all defendants combined, and if the plaintiff is less than 50 percent negligent he shall be entitled to recovery from each negligent defendant."

tation of Schuetze's negligence to the Plaintiff. See, 60 K.S.A. § 258a[4]; *Wilson v. Kansas Power and Light Company*, 232 Kan. 506, 657 P.2d 546, 553 (1983).[5]

¶ 6 Outside the presence of the jury, the trial court conducted a hearing to determine what law applied, whether Kansas law as the law of the place of the accident, or Oklahoma law as the law of the forum with a significant relationship to Defendants' domicile, residence and place of incorporation. *Brickner v. Gooden*, 1974 OK 91, 525 P.2d 632. On consideration of the arguments, the trial court held that Kansas law controlled, and instructed the jury accordingly.

¶ 7 On consideration of the evidence, the jury returned its verdict, adjudicating Plaintiff and Defendants each 50% negligent, thereby denying Plaintiff recovery according to Kansas law. Plaintiff filed a motion for new trial, which the trial court denied, and Plaintiff appeals.

¶ 8 Historically, Oklahoma law consistently adhered to the doctrine of "lex loci delicti," dictating that the law of the place of the wrong controlled. *See, e.g., Cherokee Laboratories, Inc. v. Rogers*, 1965 OK 8, 398 P.2d 520; *Richey v. Cherokee Laboratories, Inc.*,

1973 OK 127, 515 P.2d 1377. In 1974, the Supreme Court observed in *Brickner* that many jurisdictions had discarded the rigid "lex loci delicti" doctrine in favor of the more flexible "significant relationship" analysis of the Restatement of Laws, Second, Conflicts of Law, §§ 6 and 145, and held:

[T]he law of the place of the wrong is not necessarily the applicable law for all tort actions brought in the courts of this State.....

[A]s a general principle, ... the rights and liabilities of parties with respect to a particular issue in tort shall be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties. The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include:

(1) the place where the injury occurred,

(2) the place where the conduct causing the injury occurred,

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

4. That section provides in pertinent part:
   (a) The contributory negligence of any party in a civil action shall not bar such party or such party's legal representative from recovering damages for negligence resulting in death, personal injury, property damage or economic loss, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party.
   . . . .
   (d) Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of such party's causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed.

5. The "fifty-percent rule" of 60 K.S.A. § 258a proscribes plaintiff's recovery where plaintiff's adjudicated comparative negligence, when com- ·

bined with a defendant's adjudicated comparative negligence, equals fifty percent or more:

The jury compared the fault of the three parties and concluded KPL was 60% at fault while each of the brothers [plaintiff and two co-defendants] was 20% at fault. KPL has now been held not to have been at fault. This leaves only the fault of the two brothers to be compared—each of whom has already been determined by jury trial to have been equally at fault. A determination of equal fault is certainly wholly consistent with the undisputed facts—the two brothers, acting in concert, elevated the pipe into the power line. Under the totality of the circumstances herein, we conclude that each of the brothers is now legally held to have been 50% at fault. Under such circumstances, the judgment against defendant Bob Wilson must be reversed pursuant to K.S.A. 60–258a(a), sometimes referred to as the "50% rule." This conclusion renders all remaining issues of the appeal and cross appeal moot.

The judgments herein are reversed and the case is remanded to the trial court with directions to enter judgment in favor of each defendant.

(4) the place where the relationship, if any, between the parties occurred.

*Brickner*, 1974 OK 91, ¶¶ 22, 23, 525 P.2d at 637.

¶ 9 "Issues of law are reviewable by a de novo standard and an appellate court claims for itself plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1083; *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). As a question of law, we review the trial court's decision on the choice of law issue de novo. *See, e.g., Cavalier Oil Corp. v. Harnett*, 564 A.2d 1137, 1141 (Del. 1989).[6] "This brings us to the crux of the issue presented, and that is: Does the State of Oklahoma or the [State of Kansas] have the most significant relationship to the occurrence and the parties?" *Brickner*, 1974 OK 91, ¶ 25, 525 P.2d at 638.

¶ 10 The uncontroverted evidence in the present case shows that at the time of both the accident and commencement of this suit, Plaintiff was a resident of neither Kansas nor Oklahoma. The accident occurred in Kansas, and the alleged negligence that caused Plaintiff's injuries was committed in Kansas. McKee was an individual domiciled in Oklahoma, and Sullivan was an Oklahoma corporation with its principal place of business located in Oklahoma.

¶ 11 In application of the *Brickner* factors, the trial court reasoned that the law of Kansas, as the place of the injury and commission of the alleged negligence, should apply. Application of Kansas law in the present case is entirely consistent with *Brickner*, where the Supreme Court clearly held that, in accord with the Restatement of Conflicts analysis, the law of the place of the injury applies unless some other state has a more significant relationship to the occurrence and the

parties. 1974 OK 91, ¶ 23, 525 P.2d at 637. Application of Kansas law in the present case is also entirely consistent with the Restatement's specific recognition that:

In an action for *a personal injury*, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship....

Restatement of Conflicts, § 146. (Emphasis added.) As comment (d) to § 146 instructs:

In the majority of instances, the actor's conduct, which may consist either of action or non-action, and the personal injury will occur in the same state. In such instances, the local law of this state will usually be applied to determine most issues involving the tort.... This state will usually be the state of dominant interest, since the two principal elements of the tort, namely, conduct and injury, occurred within its territory. The state where the defendant's conduct occurs has the dominant interest in regulating it and in determining whether it is tortious in character. Similarly, the state where the injury occurs will, usually at least, have the dominant interest in determining whether the interest affected is entitled to legal protection.....

See also, Restatement of Conflicts, § 145, Comment d.[7]

¶ 12 Upon de novo review of the present case, and applying the *Brickner* factors, we hold the State of Kansas, as the place of occurrence of the injury and the place of occurrence of the conduct causing the injury, has the most significant relationship with the occurrence and the parties, and the negligence law of Kansas controls. We consequently further hold the trial court did not err in instructing the jury according to Kansas law.

---

**6.** *Accord, Donlann v. Macgurn*, 203 Ariz. 380, 55 P.3d 74, 77 (App.2002); *Tune v. Philip Morris Inc.*, 766 So.2d 350, 352 (Fla.App.2000); *Callis v. Zilba*, 136 Ohio App.3d 696, 737 N.E.2d 974, 975 (App.2000); *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 302 Ill.App.3d 780, 236 Ill.Dec. 191, 706 N.E.2d 1065, 1071 (1999); *State v. Whelchel*, 97 Wash.App. 813, 988 P.2d 20, 23 (1999); *Busse v. Pacific Cattle Feeding*

*Fund No. 1, Ltd.*, 896 S.W.2d 807, 813 (Tx.App. 1995).

**7.** "[S]ubject only to rare exceptions, the local law of the state where conduct and injury occurred will be applied to determine whether the actor satisfied minimum standards of acceptable conduct and whether the interest affected by the actor's conduct was entitled to legal protection."

¶ 13 The order of the trial court denying Plaintiff's motion for new trial is therefore AFFIRMED.

ADAMS, P.J., and BUETTNER, J., concur.